Jacqueline Mendez Soto, 022597
James E. Barton II, 023888
Daniella Fernandez Lertzman, 037943
**BARTON MENDEZ SOTO PLLC**
401 W. Baseline Road, Suite 205
Tempe, Arizona 85283
480-550-5165
Jacqueline@bartonmendezsoto.com
James@bartonmendezsoto.com
Daniella@bartonmendezsoto.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| River Chunnui, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Peoria Unified School District, et al.;<br><br>Defendants. | Case No.: 2:24-cv-00503-MTL<br><br>**PLAINTIFF'S RESPONSE TO PEORIA UNIFIED SCHOOL DISTRICT'S MOTION FOR PARTIAL DISMISSAL**<br><br>(Assigned to Hon. Michael T. Liburdi) |

Plaintiff, River Chunnui ("Plaintiff"), through undersigned counsel, files this response to the Motion for Partial Dismissal ("Motion") filed by Defendant Peoria Unified School District (the "District"). The District's Motion is without merit and should be denied in its entirety. Plaintiff's response is supported by the following memorandum of points and authorities.

//

//

**Memorandum of Points and Authorities**

**I.     Relevant Background**

The allegations in the Complaint (Doc. 1) support Plaintiff's claims. The acts alleged in the Complaint were taken by the District officials, including administration and governing board members, solely because of Plaintiff's gender identity and statements in support of transgender individuals. More precisely, because Plaintiff spoke about the rights of transgender people in an email on March 31, 2022, District officials chose to publicly shame and defame Plaintiff by authorizing or allowing an unwarranted investigation, failing to address hostilities against Plaintiff on school grounds, and failing to stop board members from publicly disparaging Plaintiff and soliciting the same from community members. These actions and inaction culminated in board members repeating their actions during a March 9, 2023 board meeting and calling for Plaintiff's termination. The District's actions and inaction were taken by high level officials pursuant to the District's administrative and governing structure. For these reasons, the District cannot separate itself from the actions taken by its officials and is liable to Plaintiff for their injuries.

**II.    Arguments**

    **A.     Plaintiff's Title VII charge was timely filed with the EEOC.**

The District argues that Plaintiff's Title VII claim (Count 1) is time barred by mistakenly reducing the discrimination to one act, that of placing Plaintiff on administrative leave while the District conducted a protracted public and unwarranted

investigation into Plaintiff's gender identity statements. [Mot. at 5:1-12.] The events related to the investigation began outside the 300-day time period from the time Plaintiff filed their EEOC charge but continued into the 300-day time period.

Plaintiff's Title VII discrimination claim is for a series of discriminatory acts set forth in paragraphs 52 through 58 of the Complaint. Plaintiff indicated in their EEOC charge that the allegations were a "continuing action." The continuing action is a series of acts taken by District officials within their authority:

- April 8, 2022: Placing Plaintiff on administrative leave to conduct an investigation into Plaintiff's gender identity statements [Compl. at ¶ 20];

- April 14, 2022: Defendants Rebecca Hill and Heather Rooks[1] urge community members to attend the governing board meeting with disparaging remarks about Plaintiff [Compl. at ¶¶ 31, 33];

- June 21, 2022: Laura Vesely, Human Resources Director, order Plaintiff to refrain from using District equipment to send personal communications, referring to Plaintiff's gender identity statement [Compl. at ¶ 36];

- Throughout the Fall 2023 semester: The District fails to address the harassment against Plaintiff, including the intentional misuse of Plaintiff's pronouns, other passive harassment, and the vandalizing of Plaintiff's car in the school parking

---

[1] Hill was a governing board member at this time. Rooks was not yet a governing board member.

1       lot despite Plaintiff's request that these matters be addressed [Compl at ¶¶ 52-

2       58]; and

3    • March 9, 2023: Hill and Rooks make disparaging remarks about Plaintiff and

4       attempt to terminate their employment during a governing board meeting for

5       the same reason as the April 2022 investigation: Plaintiff's gender identity and

6       statements [Compl. 44-51].

7     Allegations of conduct occurring prior to the cut-off period for filing an EEOC

8 charge are not time barred if a plaintiff can show that they are part of a continuing

9 violation. *See Sosa v. Hiraoka*, 920 F.2d 1451, 1455 (9th Cir. 1990) (finding plaintiff pled

10 sufficient allegations of a continuing violation through the actions of the school district,

11 its administrators, and trustees from 1982 through 1985). Here, the actions taken in April

12 2022 (the discriminatory investigation) and March 2023 (the attempted discriminatory

13 termination) are the continuing violation. Moreover, the District's failure to address

14 Plaintiff's complaints of the harassment and threats on school grounds is a continuation

15 of the discrimination against Plaintiff.

16     While Plaintiff has pled sufficient factual allegations to support the continuing

17 violation, Plaintiff submits as part of the proposed amended complaint an amendment to

18 Count 1 (Title VII discrimination) to include the factual and legal allegations that the

19 above acts constitute a continuing violation.

20       **B.**     **Plaintiff sufficiently pled the District's violations of the**

21 **Constitution.**

Count 4 of the Complaint is against the District, Hill, and Rooks because they retaliated against Plaintiff for having engaged in constitutionally protected speech. Count 5 of the Complaint is against the District for engaging in viewpoint discrimination against Plaintiff. The District argues that both counts should be dismissed because the Complaint does not allege that the violations were the result of a District policy, practice, or custom. [Mot. at 6:6-8].

There are other ways to establish liability against a local governing body other than by identifying a policy, practice, or custom behind the discrimination. *See Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999). For instance, the local governing body can be liable for an isolated constitutional violation when the person causing the violation has final policymaking authority or, alternatively, if the final policymaker ratified a subordinate's actions. *Id.* at 1235, 1238. Further, "policy" includes "'a course of action *tailored to a particular situation* and not intended to control decisions in later situations.'" *Lytle v. Carl*, 382 F.3d 978, 983 (9th Cir. 2004) (citation omitted) (emphasis in original). The policymaker's decision to adopt a particular course of action represents an act of official government policy. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1024-1025 (9th Cir. 2008).

Under Arizona law, A.R.S. § 15-301 *et seq.*, and District Policy, POLICY MANUAL AND ADMINISTRATIVE REGULATIONS, Peoria Unified School District No. 11, available at http://policy.azsba.org/asba/browse/peoria/peoria/z20000001 (last accessed on July 6, 2024), the governing board and the superintendent have final policymaking authority,

including related to teacher discipline, and they may designate such authority to other employees. A.R.S. § 15-341(A)(21) (providing that the board may designate a person or persons to act on behalf of the board on disciplinary policies and procedures)"; Policy BBA, Board Powers and Responsibilities (delegating most of the executive function of the board to the superintendent); Policy BDD, Board – Superintendent Relationship (allowing the superintendent to delegate the necessary authority to other employees). Based on the delegation of authority, one may conclude that the board and/or the superintendent have delegated policymaking authority to the chief personnel officer, Laura Vesely, on matters related to employee investigations and discipline, thereby vesting Vesely with policymaking authority.

Vesely placed Plaintiff on leave to conduct an unwarranted and protracted investigation [Compl. at ¶ 20, 22, 35-36, 61] and thereafter committed and/or permitted inaction over Plaintiff's harassment complaints [Compl. at ¶ 58]. For these reasons, the District is liable to Plaintiff for Vesely's actions under Counts 4.

For the same reasons, the District is liable to Plaintiff under Count 5 of the Complaint. However, the policy at issue here is Vesely's discriminatory application of the District's policy concerning electronic communications and the use of the District's electronic devices by forbidding Plaintiff from using such equipment for constitutionally protected speech but allowing other non-work speech.

If Vesely is not deemed to possess policymaking authority to impute liability on the District for her actions, the facts support that the Board and Superintendent ratified her

acts. This is so because the board was vehemently opposed to Plaintiff's protected speech. Then board member Beverly Pingerelli publicly condemned Plaintiff's protected speech, accusing them of "sexualizing" children, and urged the prohibition of Plaintiff's activities. [Compl. at ¶ 15] With the negative publicity over Plaintiff's protected speech, much of it incited by the board members [Compl. at ¶ 14-18], the trier of fact can conclude that the board as a governing body and/or the superintendent supported or approved Vesely's unwarranted investigation, the administrative leave, the discriminatory restriction on Plaintiff's use of the District's electronic equipment, and Vesely's failure to address the harassment against Plaintiff. Tellingly, Vesely did not immediately begin the investigation after Plaintiff engaged in the protected speech. Rather, Vesely initiated the retaliation only one day after the board publicly condemned Plaintiff's activities. [Compl. 19-20] Therefore, the Complaint pleads facts more than sufficient to conclude that the District is liable to Plaintiff under section 1983 because it was an integral participant in Vesely's actions by knowing and acquiescing in the unlawful conduct or by setting in motion these acts and omissions which it knew or reasonably should have known would cause harm to Plaintiff. *See Peck v. Montoya*, 51 F.4th 877, 889 (9th Cir. 2022).

    **C. Plaintiff complied with the Arizona Notice of Claim Requirements, A.R.S. § 12-821.01, for their state-based claims.**

    Counts 6, 7, and 8 are claims under Arizona law. As such, Plaintiff was required to issue a notice of claims to the District and the board members under A.R.S. § 12-821.01. The District argues that these counts should be dismissed because Plaintiff's notice (1) did

not meet the requirement of including a "sum certain" in the notice and (2) was time barred by the statute's 180-day filing requirement. The District is wrong. Plaintiff's notice of claim issued on July 13, 2023 (the "Notice") met the statutory requirements.

      1. <u>Plaintiff's Notice of Claims contained a specific amount for which the claim could be settled.</u>

The District claims the Notice did not contain a certain amount on which the District could settle the claims against it because the Notice required that all defendants accept their allocated settlement amount: $50,000 against the District and $1,000 against each individual defendant (Hill and Rooks).

The statute's requirements are plain on their face and do not require statutory interpretation. *See James v. City of Peoria*, 253 Ariz. 301, 305 ¶ 21. To be valid, the notice of claim must: (1) be filed with the person(s) authorized to accept service within 180 days of the cause of action accruing, (2) state sufficient facts to permit an understanding of the basis of liability, (3) contain a specific amount for which the claim can be settled, and (4) the facts supporting that amount. A.R.S. § 12-821.01(A). So long as these requirements are met, a notice of claim will not be invalidated if it adds additional requirements for settlement. *See Id.*, at 305 ¶ 21.

Placing conditions on settlement offer does not defeat the notice of claim when the claimant has met the relevant statutory requirements. *Id.* In *James*, the city defendant argued that plaintiff's notice of claim was defective because it deprived the city of accepting the offer within the 60 days permitted by the statute, A.R.S. § 12-821.01(E). 253 Ariz. at ¶ 11. The Arizona Supreme Court stated that it "will not construe the notice

of claim statute, under which the claimant satisfies the relevant requirements but adds a condition of no legal consequence, in a way that defeats the clear text of the statute." *Id.* at ¶ 21. Nothing prevented the District from negotiating with Plaintiff or accepting Plaintiff's allocated amount regardless of the extra language in Plaintiff's Notice. The extra language is not forbidden or required by the notice of claim statute; it is of no legal consequence.

A notice of claim will also not be deemed deficient if it fails to properly allocate amounts among multiple defendants. In *Donovan v. Yavapai Cnty. Cmty. Coll. Dist.*, the plaintiff included a single amount against multiple defendants without allocating a specific amount to each defendant. 244 Ariz. 608, 611 ¶ 8 (App. 2018). The Arizona Court of Appeals found the notice valid, stating that "nothing prevent[ed] the public entity from … collaborating with other parties to reach a global settlement." *Id.* at ¶10. Likewise, here, any of the Defendants could have accepted responsibility for settlement in the full amount or their allocated amount without regard to the non-statutory request that all Defendants accept their offer.

Plaintiff's Notice complied with the statutory requirements. Nothing in the Notice prevented the District, or any Defendant for that matter, from presenting an offer to Plaintiff. For this reason, this argument is without merit and the Motion should be denied on this basis.

Even though the Notice is compliant, the District is estopped from seeking dismissal on this basis. *See McCarthy v. Scottsdale Unified Sch. Distr. No. 48*, 409 F.

1  Supp. 3d 789, 818 (D. Ariz. 2019) ("The notice of claims statute is subject to equitable estoppel[.]"). As an opening point, the Notice stated: "If for any reason you believe this Notice of Claims does not comply with A.R.S. § 12-821.01, … please contact the undersigned." None of the Defendants raised any issues with the Notice. The District and the other defendants cannot lie in wait on a non-binding statement in the Notice to attempt to defeat the Notice later on.

## 2. The Notice was timely submitted to Defendants.

The District also claims that the Notice is barred by the statute's 180-day filing requirement. The District wrongly states that Plaintiff's State claims for violations of the Arizona Constitution and for false light invasion of privacy and intentional infliction of emotional distressed accrued in April 2022 with the unwarranted investigation.

Just like Title VII considers certain actions as part of a continuing violation, so does the notice of claims statute. *See Graber v. City of Peoria*, 156 Ariz. 553, 556 (App. 1988) (applying a continuing violation theory under the one-year statute of limitations for claims against a public entity). The District's ongoing actions from (1) board members publicly disparaging Plaintiff by accusing them of sexualizing children soon after they engaged in protected speech; (2) initiating a public, unwarranted, and protracted investigation against Plaintiff; and (3) failing to address the board member's public disparagement of Plaintiff and the ongoing harassment at the school, all culminated in board members publicly disparaging Plaintiff and calling for their termination during the March 9, 2023 board meeting. [Compl. at ¶¶ 126, 145, 156] The acts prior to the 180-day

period under A.R.S. § 12-821.01 constitute a continuing wrong that combined with the March 9, 2023 events inflicted great injury on Plaintiff. *See Watkins v. Arpaio*, 239 Ariz. 168, ¶¶ 10-11 (App. 2016) (accepting merit to the continuing violation theory for the claims statutes).

For this reason, the District's motion should be denied.

**D.     Plaintiff's State claims at Counts 7 and 8 are not time barred.**

The District alleges that Plaintiff's false light invasion of privacy and intentional infliction of emotional distress claims are time barred. They are not. Plaintiff filed the lawsuit within one year of the tortuous conduct. A.R.S. § 12-821.

Hill and Rooks intentionally and with ill-will repeatedly stated that Plaintiff was a child groomer, sexualizing children, and a danger to students. They encouraged staff and community members to do the same. They repeated their beliefs during the March 9, 2023 board meeting. Hill and Rooks were acting as board members during the March 9, 2023 meeting and, as argued in response to Hill and Rooks' motion to dismiss, they were not protected by qualified immunity. The March 9, 2023 tortuous actions alone are sufficient to support Plaintiff's claims and for the District's liability under respondeat superior. *See Laurence v. Salt River Prog. Agric. Improvement & Power Dist.*, 255 Ariz. 95, ¶ 45 (2023).

However, the prior tortuous acts of Defendants constitute a continuing violation for intentional infliction of emotional distress, so that the March 9, 2023, conduct comes within the time period to file a claim. *See Watkins*, 239 Ariz. at ¶ 15 (citing to *Ford v.*

*Revlon, Inc.*, 153 Ariz. 38 (1987) for a continued violation of intentional infliction of emotional distress). Likewise, Defendants' false light statements come within the time period to file a claim because Hill and Rooks repeated their false and inflammatory statements to a new audience and with a new purpose: to terminate Plaintiff. *Larue v. Brown*, 235 Ariz. 440, 445 ¶¶ 29-30 (App. 2014) (finding "republication" of defamatory statements brought claims within statute of limitations).

Plaintiff's claims were filed within the one-year statute of limitations and are, therefore, timely.

### III.     Proposed First Amended Complaint

Plaintiff asserts that the allegations in their Complaint are sufficient to sustain their claims. Should the Court conclude that any allegation raised herein should be reflected in the Complaint, Plaintiff will seek leave from the Court to file their first amended complaint accordingly.

### Conclusion

Based on the foregoing reasons, the Court should deny Defendants' Motion in its entirety.

DATED this 8th day of July 2024.

**BARTON MENDEZ SOTO PLLC**

By: */s/ Jacqueline Mendez Soto*
Jacqueline Mendez Soto
401 W. Baseline Road, Suite 205
Tempe, Arizona 85283
*Attorney for Plaintiff*

**Notice of Electronic Filing and Certificate of Service**

I certify that I electronically filed the foregoing with the Clerk of the Court on July 8, 2024, for filing and uploading to the CM/ECF system which will send notification of such filing to the following parties:

Gordon Lewis
JONES, SKELTON, HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
GLewis@jshfirm.com
*Attorney for Defendant Peoria Unified School District*

Eli T. Enger
Meghan M. Baka
UDALL SHUMWAY
1138 N. Alma School Road, Suite 101
Mesa, Arizona 85201
ete@udallshumway.com
mmb@udallshumway.com
docket@udallshumway.com
*Attorneys for Defendants Rooks and Hill*

/s/ Rosa Torres