Gordon Lewis, Bar #015162
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-4479
Fax: (602) 200-7897
glewis@jshfirm.com

Attorneys for Defendant Peoria Unified
School District

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| River Chunnui f/k/a Sarah Chunnui, an individual, | No. 2:24-cv-00503-MTL |
|---|---|
| Plaintiff, | **Reply in Support of Motion for Partial Dismissal** |
| v. | |
| Peoria Unified School District, et al, | |
| Defendants. | |

Peoria Unified School District ("the District") submits its Reply in Support of its Motion to Dismiss.

## I. THE "CONTINUING ACTION" THEORY DOES NOT SAVE PLAINTIFF'S UNTIMELY TITLE VII CLAIMS

In its Motion, the District noted that Plaintiff cannot recover under Title VII for the allegedly discriminatory paid administrative leave and investigation into her email communication, because she did not file a timely charge of discrimination in relation to the administrative leave and investigation. Plaintiff asserts in her Response, however, that she can bring a Title VII claim based on these actions because they are part of a "continuing violation" against her. (See Response, Doc. 16 at pgs. 2-4).

The "continuing violation" theory, however, is not applicable to the disparate treatment claim Plaintiff raises in Count 1 of her Complaint. To state an actionable claim under Title VII, a plaintiff must first file a charge with the EEOC within 300 days of an adverse action. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). This rule

applies to all Title VII claims based on *discrete* discriminatory acts. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("Each discrete discriminatory act starts a new clock for filing charges alleging that act."). A discrete discriminatory act, such as termination, failure to promote, refusal to hire, and denial of transfer, is one "that 'occurred' on the day that it 'happened.'" *Id.* at 110, 113. *See also Loreto v. Arizona Bd. of Regents*, No. CV2200269TUCJASDTF, 2022 WL 17828851, at *3 (D. Ariz. Oct. 21, 2022) (holding that the alleged denial of accommodation, constructive discharge, and false testimony given in retaliation constituted discrete acts of discrimination because they all occurred on the day they happened); *Carr v. Garland*, No. 22-56135, 2024 WL 1007504, at *2 (9th Cir. Mar. 8, 2024) (holding that being denied a change of workstation, having performance ratings reduced, and receiving more difficult work assignments are discrete acts). A Title VII claim is not actionable if filed more than 300 days after the alleged discrete discriminatory act occurred. *Id.* at 113.

Because Plaintiff filed a charge of discrimination on July 25, 2023, Plaintiff cannot support her disparate treatment claim with discrete events occurring before September 29, 2022. Here, Plaintiff acknowledged in her Complaint that the administrative leave and investigation began on April 11, 2022, and ended on June 21, 2022. (Doc 1 at 20-22, 35-36). Both the administrative leave and the investigation are discrete events: They had a beginning and an end. Plaintiff's failure to file a timely charge of discrimination on the administrative leave and investigation preclude her from pursuing those matters in their Title VII disparate treatment claim.

The "continuing violation" doctrine, on which Plaintiff relies, does not apply to disparate treatment claims. The doctrine can only be used for hostile environment claims and class-wide pattern-or-practice claims. *See Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 748 (9th Cir. 2019) ("Thus, after *Morgan II*, little remains of the continuing violations doctrine."); *Loreto v. Arizona Bd. of Regents*, No. CV2200269TUCJASDTF, 2022 WL 17828851, at *3 (D. Ariz. Oct. 21, 2022) ("There is a limited exception for the hostile work environment and the possibility of a class-wide pattern-or-practice claim."). In addition, a

117259029.1

plaintiff cannot string together a set of discrete acts into a continuing violation of "harassment." *Carr*, 2024 WL 1007504, at *2 (9th Cir. Mar. 8, 2024) (holding that being denied a change of workstation, having performance ratings reduced, and receiving more difficult work assignments are discrete acts that cannot transform into a continuing violation). The paid administrative leave and investigation are discrete acts, Plaintiff did not file a timely discrimination charge in relation to those acts, and her disparate treatment claim based on those acts must be dismissed.

## II. PLAINTIFF HAS NOT ALLEGED A VIABLE §1983 CLAIM AGAINST THE DISTRICT

The District's Motion pointed out that Plaintiff failed to properly allege a Section 1983 claim against the District, because Plaintiff failed to allege that the claimed constitutional deprivation was the result of a District policy, practice or custom. In their Response, Plaintiff asserts that their Section 1983 claims against the District are viable because Laura Vesely, the District's Chief Personnel Officer, placed Plaintiff on paid administrative leave. Plaintiff asserts that Ms. Vesely is a final policymaker for the District, and her actions allow the District to be directly liable for the alleged constitutional deprivation.

As Plaintiff acknowledges, however, the Governing Board and the District's Superintendent are the final policymakers for the District. (Doc. 16 at pgs. 5-6). Plaintiff's Complaint does not allege that Laura Vesely was a policymaker, that a policymaker ratified the conduct, or otherwise make any assertions that would support a claim that the District is directly liable for the constitutional deprivations she alleges. The Compliant is insufficient to state a claim under Section 1983, and the Section 1983 claims against the District must be dismissed.

Plaintiff also argues that the Board can be alleged to have ratified the administrative leave based on comments from individual Board Members outside of a Board meeting. (*See* Doc. 16 at pgs. 6-7) The District Governing Board, however, can only act by majority vote of a quorum of its Members at a properly-noticed meeting. *See, Porta House, Inc. v. Scottsdale Auto Lease, Inc.*, 120 Ariz. 115, 119, 584 P.2d 579, 583 (App.

3

117259029.1

1978) (action by two school district board members was of no legal effect because it was not the result of a majority vote at a public meeting); *See also Ariz.Op.Atty. Gen.* No. I81-054, 1981 WL 38951 ("…a school district board member has no power or right different from any other citizen notwithstanding the statutory powers of the school district board which may only be exercised by the board when lawfully convened as a body."). Comments by individual Board Members outside of a Board meeting are not Board action, and cannot constitute ratification. *Id. See also, Sheehan v. City & County of San Francisco*, 743 F.3d 1211, 1231 (9th Cir. 2014), *rev'd in part on other grounds*, 575 U.S. 600, 135 S.Ct. 1765, 191 L.Ed.2d 856 (2015) ("Ratification…generally requires more than acquiescence.").

### III. AMENDING PLAINTIFF'S §1983 CLAIMS WOULD BE FUTILE.

The Court should not permit Plaintiff to amend the Complaint to assert constitutional violations against the District as an entity, because such an amendment would be futile. Plaintiff alleges, apparently, that Laura Vesely retaliated against the Plaintiff by the placing of Plaintiff on paid administrative leave while her communications were investigated. There is no Ninth Circuit authority, however, that would put Ms. Vesely on notice that paid administrative leave or conducting an investigation are adverse actions that could support a retaliation claim, which would entitle Ms. Vesely to qualified immunity on the claim. *Foraker v. Apollo Grp., Inc.*, 427 F. Supp. 2d 936, 941–42 (D. Ariz. 2006) (Placement on paid administrative lead, modified job responsibilities, social ostracization, and other mere inconveniences will not qualify as adverse employment actions); *Behan v. Lolo's Incorporated*, 2019 WL 1382462 (D. Ariz. 2019) (same); *Dodge v. Evergreen School District #114*, 56 F.4th 767, 780-81(9th Cir. 2022) (investigation of potentially protected speech by school district not an adverse action).  Likewise, Ms. Vesely would be entitled to qualify for immunity on the allegation that the District's response to Plaintiff's assertions that others were harassing her is an act of retaliation that would violate Plaintiff's free speech rights under the Constitution. There is no controlling authority that would put Ms. Vesely on notice of this right and the Ninth Circuit has yet to

4

find that an investigation into harassment complaints could support a Section 1983 action. *See Lamb v. University of Hawaii,* 1998 WL 340368 (9th Cir. 1998) (University officials granted qualified immunity because investigating harassment complaint could not have violated clearly established constitutional right). There is no amendment that could resuscitate Plaintiff's Section 1983 claims against the District, and Counts 4 and 5 of Plaintiff's Complaint should be dismissed without leave to amend.

IV. **PLAINTIFF'S NOTICE OF CLAIM DOES NOT COMPLY WITH ARIZONA LAW**

In the District's Motion, it noted that Plaintiff's Notice of Claim is insufficient because it did not provide a sum certain for which the District could settle the claim. Rather, the Notice of Claim stated that the District could settle Plaintiff's claim only if the individual Board Members **also** agreed to accept the amounts offered to them to resolve the matter. The requirement that the claims against the District could only be resolved if all parties (the District and the individual board members) agreed to their apportioned amounts fails to comply with the notice of claim statute, and is fatal to Plaintiff's state law claims.

Plaintiff argues that a Notice of Claim is sufficient if it contains a specific amount for which it the claims can be settled, and is not defeated if it adds other conditions "of no legal consequence." (Doc. 16 at pgs. 8-9). The requirement that all parties must agree to settle, however, is not an inconsequential condition. Rather, it constitutes a barrier to the City's ability to independently resolve the claim, and this failure prevents Plaintiff from bringing state law causes of action in this matter.

*James v. City of Peoria*, 253 Ariz. 301, 513 P.3d 277 (2022), on which Plaintiff relies, is inapplicable to Plaintiff's Notice of Claim. In *James*, a mother sued the City of Peoria and presented a Notice of Claim to the City in advance of the lawsuit. The Notice of Claim stated that it was only open for 30 days. The City of Peoria argued that the Notice of Claim was invalid, because the City is required to have 60 days to evaluate and accept the settlement figure contained in the Notice of Claim. The Court stated that the 30 day requirement was a legal nullity because "by operation of law, a public entity has a

statutory 60-day period to respond to accept a settlement offer presented in a valid Notice of Claim that was timely filed and served." *James,* 253 Ariz. at 305 ¶23, 513 P.3d at 281. The Court held that, because the Notice of Claim otherwise met the statutory requirements, it would not invalidate the Notice of Claim by the mother's ineffective attempt to shorten the 60-day deadline to 30 days. *Id*. at 304 ¶20, 513 P.3d at 280.

Here, the conditions imposed by the Plaintiff are not a legal nullity. Instead, the conditions prevented Plaintiff from complying with legal requirements of the statute. The statute requires the Plaintiff to provide a sum certain for which the District could agree to resolve the claim. Plaintiff failed to meet the requirement, because there is no sum that the District could have paid to the Plaintiff to be sure that the claim resolved.

The Arizona Supreme Court has explained that the "specific amount" language in that statute "unmistakably instructs claimants to include a particular and certain amount of money that, if agreed to by the government entity, will settle the claim." *See Deer Valley Unified School Dist. No. 97 v. Houser*, 214 Ariz. 293, 296 ¶ 9, 152 P.3d 490, 493 (2007). If the governmental entity cannot pay the requested sum and resolve the claim, the notice of claim is defective and state law claims cannot be pursued. Because Plaintiff failed to comply with A.R.S. §12-821.01, Plaintiff's state law claims against the District must be dismissed.

Plaintiff claims that the District has waived, or should be estopped, from raising the Notice of Claim defense because it did not inform Plaintiff of the defect at the time the notice was submitted. There is no Arizona case, however, that has held that a public entity or public employee waives a Notice of Claim defense by failing to tell a plaintiff about a defect in the notice of claim. Indeed, Arizona courts have noted that "[n]othing in the notice of claim statute requires a potential defendant…to inform a prospective plaintiff's counsel about compliance with Arizona law." *Community Ass'n Underwriters of America, Inc. v. Salt River Project*, 2011 WL 5299392 at *5 (App. 2011). The District has not waived, and is not estopped, from timely raising its notice of claim

6

117259029.1

defense, and Plaintiff's defective notice of claim prevents Plaintiff from pursuing State law claims against the District.

V. **PLAINTIFF'S CLAIMS FOR FALSE LIGHT INVASION OF PRIVACY AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ARE TIME-BARRED**

Finally, the District noted in its Motion that Plaintiff did not timely file her lawsuit against the District in relation to intentional infliction of emotional distress and false light invasion of privacy claims. In response, Plaintiff asserts that her claim is timely because the District is liable under respondeat superior for the individual Board Members actions and comments at the March 9, 2023, Board Meeting. Elected Board Members, however, are not employees of the District. The District can only act based on a vote of a majority of the members of the Board. *See, Porta House, Inc.*, 120 Ariz. at 119, 584 P.2d at 583. The District as a whole is not responsible under respondeat superior for the individual comments of elected Board members. Indeed, the Complaint itself acknowledges that the District advised the individual Board Members that they could not seek to non-renew Plaintiff's teaching contract. (Doc. 1 at ¶50). Plaintiff cannot now claim that the Board Members actions - - which have no legal effect on the District - - make them servants of the District and cause the District to be liable on a respondeat superior theory. Because the District cannot be liable for comments by individual Board Members, the District is entitled to dismissal of Plaintiff's false light invasion of privacy and intentional infliction of emotional distress claims.

Plaintiff attempts to revive these claims by raising the "continuing wrong" doctrine, and cites *Watkins v. Arpaio*, 239 Ariz. 168, 369 P.3d 72 (App. 2016), to support her position. The *Watkins* case, however, actually confirms the appropriateness of dismissing the Plaintiff's false light invasion of privacy and intentional infliction of emotional distress claim. In *Watkins*, the Arizona Court of Appeals acknowledged that other Courts have applied the continuing wrong doctrine to intentional infliction of emotional distress claims, but the Court of Appeals did <u>not</u> adopt the doctrine in the case. *Watkins,* 239 Ariz. at 172, ¶11-12, 369 P.3d at 76. Instead, the Court of Appeals

acknowledged that Arizona statute expressly governed the accrual of all actions against public entities or public employees. The Court of Appeals noted that a claimant must bring the cause of action within one year of the time the claimant knew or reasonably should have known the claimant was damaged by the Defendant's alleged conduct. In the case, the Court of Appeals held that the claimant was aware they have been injured by the wrongful conduct. The court stated:

> There is no doubt that Watkins knew at the outset of the investigation in 2005 of the facts at the heart of his claim and also knew he had suffered a considerable amount of resulting emotional distress. Under the circumstances and pursuant to § 12–821.01(B), his claim against Arpaio for intentional infliction of emotional distress accrued at or shortly after the commencement of the investigation, and needed to be filed within one year thereafter. At that point, Watkins could have alleged Arpaio had intentionally inflicted great emotional distress upon him by commencing, with great public fanfare, an unfounded, politically motivated and malicious investigation, and that such investigation was continuing.

*Watkins,* 239 Ariz. at 172, ¶14, 369 P.3d at 76.

Here, based on Plaintiff's allegations, Plaintiff's intentional infliction of emotional distress and false light invasion of privacy claims must be dismissed. It is clear from the pleadings that Plaintiff was aware of the facts necessary to make claims of intentional infliction of emotional distress and false light invasion of privacy prior to March 8, 2023. Plaintiff acknowledges that she was experiencing emotional distress and was being placed in a false light through actions and comments that occurred throughout the Fall of 2022. (Doc. 1 at ¶¶20-39). Plaintiff's March 8, 2024, Complaint is not timely in relation to these claims, and Count 7 and 8 of Plaintiff's Complaint must be dismissed.

## VI. CONCLUSION

For the foregoing reasons, the District requests that Counts 4, 5, 6, 7 and 8 of Plaintiff's Complaint be dismissed as to the District, and that this Court enter an order barring recovery on Plaintiff's Title VII claim (Count 1) for matters that took place before September 29, 2022.

117259029.1

DATED this 15th day of July, 2024.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/ Gordon Lewis
Gordon Lewis
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendant Peoria Unified
School District

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of July, 2024, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

Jacqueline Mendez Soto
James E. Barton II
Daniella Fernandez Lertzman
Barton Mendez Soto PLLC
401 W. Baseline Road, Suite 205
Tempe, Arizona 85283
Jacqueline@bartonmendezsoto.com
James@bartonmendezsoto.com
Daniella@bartonmendezsoto.com
Attorneys for Plaintiff

Eli T. Enger
Meghan M. Baka
Udall Shumway
1138 North Alma School Road, Suite 101
Mesa, Arizona 85201
ete@udallshumway.com
mmb@udallshumway.com
docket@udallshumway.com
Attorneys for Defendants Rooks & Hill


/s/ Megan Axlund

117259029.1