**UDALL | SHUMWAY**
COUNSELORS AT LAW SINCE 1965

1138 NORTH ALMA SCHOOL ROAD, SUITE 101
MESA, ARIZONA 85201
Telephone: 480.461.5300 | Fax: 480.833.9392

Eli Enger - #034242
ete@udallshumway.com
Meghan M. Baka- #038373
mmb@udallshumway.com
docket@udallshumway.com
*Attorneys for Defendants
Rooks and Hill*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| River Chunnui f/k/a Sarah Chunnui, an individual,<br><br>            Plaintiff,<br><br>v.<br><br>Peoria Unified School District, a political subdivision of Arizona; Heather Rooks, in her individual and official capacity; Rebecca Hill, in her individual and official capacity;<br><br>            Defendants. | Case No.: 2:24-cv-00503-MTL<br><br>**ROOKS' AND HILL'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS FOUR, SIX, SEVEN, AND EIGHT OF PLAINTIFF'S COMPLAINT**<br><br>(Assigned to the Hon. Michael T. Liburdi) |

Defendants Heather Rooks ("Rooks") and Rebecca Hill ("Hill"), through undersigned counsel, hereby file their Reply in Support of their Motion to Dismiss Count Four (Unlawful Retaliation Under the First Amendment Freedom of Speech, Pursuant to 42 U.S.C. §1983), Count Six (Violation of Free Speech Under the Arizona Constitution), Count Seven (False Light Invasion of Privacy), and Count Eight (Intentional Infliction of Emotional Distress) of Plaintiff River Chunnui's (the "Plaintiff" or "Chunnui") Complaint (Doc. No. 1) filed on March 8, 2024 ("Complaint").

/ / /

## I. THE NOTICE OF CLAIM IS DEFECTIVE AS A MATTER OF LAW.

Chunnui advances two primary arguments in response to Rooks' and Hill's Notice of Claim argument: (1) the notice of claim included a specific amount for which the claims could be settled by allocating the amount among multiple defendants; and (2) alternatively, the Court should equitably estop Rooks and Hill from seeking dismissal because the notice of claim included a request that Rooks and Hill notify Chunnui of any deficiencies. The Court should reject both arguments.

### A. The Notice of Claim Does not Comply with A.R.S. § 12-821.01(A).

Chunnui cites to the *James* and *Donovan* decisions to assert that the offer made in the Notice of Claim, $50,000 to the District, $1,000 to Rooks, and $1,000 to Hill, conditioned upon acceptance by each party, does not violate Arizona's notice of claim statutes. Chunnui cites the *James* decision for the proposition that Chunnui's Notice of Claim may impose additional requirements without invalidating the notice of claim. Docket No. 17, 8: 5-20. Closer inspection of the *James* decision supports the motion to dismiss.

In *James*, the notice of claim at issue included language that the offer to settle was "valid for thirty (30) days from the date of this letter." *James v. City of Peoria*, 253 Ariz. 301, 302 ¶, 513 P.3d 277, 278 (2022). The trial court dismissed the lawsuit due to the notice of claim's failure to keep the offer open for 60 days, as required by A.R.S. § 12-821.01(E), which was affirmed by the Arizona Court of Appeals. *Id*. at ¶ 6. In reviewing the decision, the Supreme Court of Arizona held that "[i]f a notice of claim failed to comply with any of the requirements in § 12-821.01(A), the claimant's claims are statutorily barred and no action may be maintained thereon." *Id*. at ¶ 10. (internal quotations and citations omitted).

The sole issue before the *James* Court was whether the "notice of claim [was] invalid because the attached letter states '[t]his compromise to settle is valid for thirty (30) days from the date of this letter,' and did not allow the City sixty days to consider and respond to the offer as required by § 12-821.01(E)." *Id*. The *James* Court held:

> We conclude subsections (A) and (E) work together in the following manner: § 12-821.01(A) delineates the requirements a claimant must follow to timely file and serve a valid notice of claim. Once the claimant satisfies those requirements, the public entity has sixty days to consider and respond to the notice of claim pursuant to § 12-821.01(E).

*Id*. at ¶ 18. The *James* Court applied its interpretation to find that:

> Any attempt by a claimant to shorten the public entity's statutory sixty-day response period is a legal nullity. . . . Because James did not have the statutory authority or other legal authority to impose a shorter time of the City to respond, her attempt in the notice of claim to shorten sixty-day deadline to thirty days had no effect.

*Id*. at ¶ 20. Thus, the *James* Court did not permit claimants to impose additional conditions on the requirements of § 12-821.01(A); rather, the *James* Court held that an offer to accept a notice of claim that is less than sixty days does not otherwise invalidate a notice of claim so long as the notice of claim complies with § 12-821.01(A).

Here Rooks and Hill do not argue that the notice of claim was left open for less than sixty (60) days; instead, Rooks and Hill assert the notice of claim did not comply with the requirements of § 12-821.01(A) because it conditioned the notice of claim on the acceptance of all three parties – the District, Rooks, and Hill. Chunnui cites the *Donovan* decision as the basis for asserting that the conditional and apportioned offer complies with the requirements of § 12-821.01(A).

In *Donovan*, the Arizona Court of Appeals examined whether a notice of claim that "described more than one cause of action against more than one public entity, but set forth only a single overreaching settlement amount rather than an apportioned offer specific to [the defendant] alone" complies with the requirements of § 12-821.01(A). *Donovan v. Yavapai Cnty. Cmty. Coll. Dist.*, 244 Ariz. 608, 610 ¶ 8, 423 P.3d 403, 405 (Ct. App. 2018). A defendant in *Donovan* argued that the "single $450,000 demand 'clearly suggested' that it was the total settlement amount for multiple causes of action against multiple entities, and that it failed to specify a lesser amount for which [that defendant] alone could settle." *Id*. at ¶ 9. The court rejected that argument and held that the notice of

claim identified a definite and exact amount, $450,000, for which the defendant, or any other defendant, could have settled. *Id*. at ¶ 11.

The *Donovan* decision presents an entirely different situation than the issue before the Court. Had Chunnui's notice of claim offered to settle for $52,000 and allowed any one of the parties accept the offer identified in the notice, *Donovan* would apply. However, by conditioning acceptance of the Notice of Claim on the acceptance of the District, Rooks, and Hill, the Notice of Claim deprived the District, Rooks, and Hill of the opportunity to accept the notice of claim through an individualized assessment of their potential liability. Thus, the Court should find the Notice of Claim defective as a matter of law and dismiss the state law causes of action.

**B. The Court Should not Equitably Estop Rooks or Hill from Claiming the Notice was Defective**.

Chunnui cites to *McCarthy v. Scottsdale Unified Sch. Dist. No. 48*, 409 F. Supp. 3d 789 (D. Ariz. 2019) for the proposition that the District, Rooks, and/or Hill should be equitably estopped from arguing that the notice of claim is defective because none of the parties contacted Chunnui's prior counsel to inform them of the deficiencies identified in the notice of claim. While *McCarthy* permits the Court to apply equitable estoppel to the notice of claim statute, it only applies where:

> (1) the party to be estopped intentionally or negligently induces another to believe certain material facts[;]
> (2) the induced party takes actions in reliance on its reasonable belief of those facts[;] and
> (3) the induced party is injured by so relying. . . . Plaintiffs bear the burden of proving they are entitled to either relief.

*McCarthy v. Scottsdale Unified Sch. Dist. No. 48*, 409 F. Supp. 3d 789, 818 (D. Ariz. 2019). Chunnui fails to identify any intentional or negligent conduct by either Rooks or Hill that induced Chunnui to believe any material fact related to the notice of claim, inducement of reliance, and injury as a result of such reliance. Rather, Chunnui's only

assertion is that neither the District, Rooks, or Hill took any action. Such an allegation, even if true, would not constitute intentional or negligence inducement. *Id.* at ¶ 9.

Chunnui does not allege that either Rooks or Hill intentionally or negligently induced Chunnui to believe her notice of claim was sufficient. Indeed, the notice of claim shows that Chunnui was represented by her own counsel. Chunnui failed to raise any legitimate basis for the Court to equitably estop either Rooks or Hill from raising the Notice of Claim's deficiencies and Chunnui cites to no authority imposing such an affirmative obligation. Accordingly, the Court should reject Chunnui's estoppel argument.

**II.   THERE WAS NO ADVERSE EMPLOYMENT ACTION TO SUPPORT THE § 1983 FIRST AMENDMENT RETALIATION CLAIM.**

Chunnui argues that the Complaint at ¶¶ 14, 23, 26, 31-34, 37, 44, and 51 support an adverse employment action, which is false.

Paragraph 14 refences a news article about governing board members questioning why they were not notified that students would participate in "International Transgender Day of Visibility" – the allegation is not specific to Rooks or Hill and does not include a reference to Chunnui.

With respect to paragraph 23, there is no allegation that either Rooks and/or Hill were acting in their capacity as Governing Board members during the alleged "smear campaign." In addition, comments made by individual board members outside of a governing board meeting cannot support Chunnui's First Amendment retaliation claim.

As for paragraphs 26 and 31 – 34 of the Complaint, Chunnui concedes that Rooks did not take office as governing board member until January 1, 2023 (Docket No. 1, ¶ 25), but asserts she perpetuated the alleged "smear campaign" through a social media post dated April 7, 2022 and through other alleged action during April 2022. Chunnui fails to identify the legal basis to advance a § 1983 action against an individual before they take office.

5

Paragraph 37 relates to the District, not Rooks or Hill as there is no allegation that Rooks or Hill had any control over the alleged investigation. And, finally, Chunnui asserts the actions during the governing board meeting constitute adverse employment action.

First, Chunnui has no claim against Rooks for First Amendment Retaliation prior to her election to the District's Governing Board. *See Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022). Thus, any action by Rooks prior to January 1, 2023 cannot support Chunnui's claim against Rooks for First Amendment Retaliation.

As stated in the underlying motion to dismiss, the motion to remove Chunnui from the contract renewal list, which occurred about a year after the March 31, 2022 email, is not akin to termination. The District was still obligated to issue Chunnui a contract, as a matter of state law, unless the Governing Board presented Chunnui with a written notice of intent to impose discipline that included a statement of charges supporting Chunnui's dismissal. Chunnui makes no claim that she was ever presented with any such notice. Thus, the unsuccessful motion did not prevent Chunnui from doing her job or otherwise deprive Chunnui of enjoying the rights and privileges of her position, including the right to receive an employment agreement as a continuing teacher with the District.

The *Nunez* decision cited by Chunnui supports a finding that there was no adverse employment action because "[m]ere threats [of discipline] and harsh words are insufficient" to constitute adverse employment action for First Amendment Retaliation. *Nunez v. City of Los Angeles*, 147 F.3d 867, 875 (9th Cir. 1998). The *Nunez* court also correctly identified that Nunez, the plaintiff in the case, retained his job with the defendant employer as further support for its decision. *Id*. The Ninth Circuit Court of Appeals later reaffirmed its decision that "bad mouthing" and "threats of discipline" are insufficient to advance a First Amendment Retaliation claim. *Gilbrook v. City of Westminster*, 177 F.3d 839, 857 (9th Cir. 1999), *as amended on denial of reh'g* (July 15, 1999).

This Court has relied on the *Nunez* decision in several instances to evaluate an employee's claims of adverse employment action. *See Drottz v. Park Electrochemical Corp.,* No. CV 11-1596-PHX-JAT, 2013 WL 6157858, at *7 (D. Ariz. Nov. 25,

2013)(finding that a verbal reprimand that does not materially alter the terms of employment is insufficient to constitute adverse action); *Clifton v. Arredondo*, No. CV-13-02162-PHX-DGC, 2014 WL 12773895, at *5 (D. Ariz. Oct. 24, 2014)(finding that an employee being yelled at is insufficient to constitute adverse employment action); *Walters v. Cnty. of Maricopa, Ariz*, No. CV 04-1920-PHX NVW, 2006 WL 2456173, at *16 (D. Ariz. Aug. 22, 2006) (finding that verbal threats do not constitute adverse employment action); and *Campbell-Thomson v. Cox Commc'ns*, No. CV-08-1656-PHX-GMS, 2010 WL 1814844, at *6 (D. Ariz. May 5, 2010) (affirming that "snide remarks, increased criticism, offensive utterances, and derogatory statements" do not constitute adverse employment action).

Chunnui makes no allegation that she was ever dismissed or otherwise disciplined. Rather, Chunnui's alleged adverse action is tantamount badmouthing and a threat of future discipline. Such claims are insufficient, as a matter of law, to advance the § 1983 First Amendment Retaliation claim.

### III. ROOKS AND HILL ARE ENTITLED TO QUALIFIED IMMUNITY.

A governing board member, as an elected official, is entitled to qualified immunity unless the law clearly prescribes their actions. *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985).

Chunnui argues that neither Rooks nor Hill are entitled to qualified immunity because their conduct violates Chunnui's right to be free from gender discrimination; yet, the Complaint does include a claim against Rooks or Hill for gender discrimination – the only claim at issue with respect to qualified immunity is the § 1983 First Amendment Retaliation Claim. Chunnui alleges, without reference to an allegation to the Complaint, that Rooks and Hill were notified that their alleged attempt to remove Chunnui from the rehire list was improper (Docket No. 17, 7: 17 - 19). Despite the fact that Chunnui requests the Court consider facts outside of the Complaint, which it should not, Chunnui must identify a statute or prior precedent that clearly establishes that Rooks and/or Hill's conduct violates Chunnui's free speech right. Chunnui cites no such legal authority that

7

clearly establishes that Rooks' or Hill's alleged actions of bringing a failing motion to remove Chunnui from a contract renewal list is unlawful. Accordingly, Chunnui has not provided any precedent that disqualifies either Rooks or Hill from qualified immunity. Chunnui's primarily argues that Rooks and Hill were informed of Chunnui's due process rights. That position is incongruent with enumerated state law.

Rooks and Hill respectfully request that the Court find that both Rooks and Hill are entitled to qualified immunity with respect to Chunnui's § 1983 First Amendment Retaliation Claim.

### IV.   AMENDING THE COMPLAINT WOULD BE FUTILE.

The Court should not grant Chunnui's request for leave to amend because any such amendment would be futile. Given the passage of time, no amendment will allow Chunnui to remedy the Notice of Claim's deficiencies. Put differently, Chunnui is unable to serve a legally sufficient notice of claim on the either Rooks or Hill within 180 days of the date the state law causes of action accrued. Thus, her claims will be barred as a matter of state law.

In addition, amending the Complaint will not deprive either Rooks or Hill of their right to qualified immunity. Thus, amending the Complaint with respect to the § 1983 First Amendment Retaliation Claim would be futile.

### V.   CONCLUSION

Based upon the foregoing, Rooks and Hills request that this Court grant their underlying motion to dismiss and that the Court enter an order dismissing Claims 4, 6, 7, and 8 against Rooks and Hill.

///

///

///

RESPECTFULLY SUBMITTED this 22nd day of July, 2024.

**UDALL SHUMWAY PLC**

/s/ Eli T. Enger
Eli T. Enger
Meghan M. Baka
1138 North Alma School Road, Suite 101
Mesa, Arizona 85201
*Attorneys for the Defendants Rooks & Hill*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2024, I electronically transmitted the attached document to the Clerk's Office using ECF/CM for filing and that all parties' counsel will be served via the Court's ECF/CM system, as well as emailed courtesy copies to:

Jacqueline Mendez Soto
James E. Barton II
Daniella Fernandez Lertzman
BARTON MENDEZ SOTO PLLC
Jacqueline@bartonmendezsoto.com
James@bartonmendezsoto.com
Daniella@bartonmendezsoto.com
*Attorneys for Plaintiff*

Gordon Lewis
JONES, SKELTON & HOCHULI, P.L.C.
GLewis@jshfirm.com
*Attorneys for Defendant Peoria Unified School District*

By: /s/*Taylor Habchi*

11758925/15111.9