Gordon Lewis, Bar #015162
Stephanie D. Baldwin #036897
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-4479
Fax: (602) 200-7897
glewis@jshfirm.com
sbaldwin@jshfirm.com

Attorneys for Defendant Peoria Unified
School District and Laura Vesely

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| River Chunnui f/k/a Sarah Chunnui, an individual,<br><br>               Plaintiff,<br><br>v.<br><br>Peoria Unified School District, et al,<br><br>               Defendants. | No. 2:24-cv-00503-MTL<br><br>**Defendants Peoria Unified School District and Laura Vesely's Motion for Partial Dismissal** |

Defendants Peoria Unified School District ("the District") and Laura Vesely (collectively "Defendants"), pursuant to Rule 12(b)(6), Fed.R.Civ.P., moves for dismissal of Counts 4 of Plaintiff's Amended Complaint as against the District and Ms. Vesely, and move for dismissal of Count 5 of Plaintiff's Amended Complaint in its entirety. Defendants so move because Plaintiff's Section 1983 claims against Laura Vesely are beyond the applicable statute of limitations and do not relate back to Plaintiff's original complaint, and Plaintiff's Amended Complaint does not allege a District policy, practice or custom sufficient to hold the District liable, as an entity, for alleged constitutional violations. This Motion is supported by the accompanying Memorandum of Points and Authorities and all the pleadings filed in this case, all of which are incorporated herein by this reference.[1]

---

[1] Pursuant to L.R.Civ. 12.1(c), Counsel for Defendants certifies that, before filing this Motion, Counsel notified Plaintiff's Counsel of the issues asserted in the motion and conferred with Plaintiff's counsel regarding the issues presented in this motion. The parties

117917518.1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    RELEVANT FACTUAL ALLEGATIONS

Plaintiff River Chunnui filed an Amended Complaint in this matter on December 21, 2024. Plaintiff's Amended Complaint added a new defendant - - Laura Vesely (in her official capacity as the District's Chief Personnel Officer). Plaintiff's Amended Complaint asserts, among other things, that Ms. Vesely and the District (as an entity) took action against Plaintiff for Plaintiff's exercise of Plaintiff's constitutional free speech rights, in violation of 42 U.S.C. §1983 ("Section 1983").

The Amended Complaint alleges that Ms. Vesely told Plaintiff to not return to work on April 8, 2022, and that they were being placed on administrative leave on April 11, 2022, pending an investigation. [Doc. 27 at ¶ 21]. It alleges that, on June 21, 2022, Ms. Vesely notified Plaintiff that they were no longer under investigation and could return to work, but stated she would be issuing Plaintiff a "memorandum of direction because Plaintiff allegedly violated the District's 'best practice.'" [*Id.*, ¶ 38]. Plaintiff also claims that Ms. Vesely told them that District's practice prohibits staff from promoting or sharing their beliefs and from speaking on controversial topics, and controversial topics included "Plaintiff's position on transgender rights, the use of gender-neutral pronouns, and the use of a gender-neutral name." [*Id.*, ¶ 40-41]. Plaintiff alleges that Ms. Vesely stated Plaintiff was receiving the "memorandum of direction because Plaintiff promoted or shared these beliefs and failed to notify or work with the school administrator prior to doing so," and ordered Plaintiff to refrain from using District computers to express these beliefs, and if they continued to do so, it would result in discipline. [*Id.*, ¶ 42-44].

Plaintiff's Amended Complaint asserts that the District had a policy, practice or custom of forbidding employees from speaking out on controversial topics. [*Id.*, ¶¶ 39, 70, 113, 142]. Plaintiff, however, did not refer to any particular District policy in the Amended Complaint. [*See* Doc. 27]. In addition, Plaintiff's Amended Complaint acknowledges that Plaintiff did not actually ever receive a memorandum of direction

---

were unable to agree that the issues presented in the motion would be cured by permissible amendment.

117917518.1

related to this alleged policy [Doc. 27 at ¶46], and that Ms. Vesely "never enforced the District's prohibition on controversial topics against other employees, only against Plaintiff, on the topic of transgender rights." [*Id.*, ¶ 152].

As will be discussed more fully below, Plaintiff's Amended Complaint is untimely as to the Section 1983 allegations against Ms. Vesely, and the Amended Complaint does not allege conduct sufficient to hold the District liable as an entity under Section 1983. Ms. Vesely should be dismissed as a defendant in this matter, and Counts 4 and 5 of the Amended Complaint should be dismissed as to the District as an entity.

## II.   **LEGAL ANALYSIS**

### A.   **Plaintiff cannot Amend their Complaint to add Laura Vesely as a Defendant to their §1983 claims.**

In Plaintiff's Amended Complaint, Plaintiff asserted – – for the first time – – that Laura Vesely in her official capacity violated Plaintiff's constitutional free-speech rights. The Amended Complaint asserts that Ms. Vessely took this action in June of 2022, asserting that the investigation surrounding the Plaintiff's communications, and that the alleged discussion about "avoiding controversial topics," violated 42 U.S.C § 1983 ("Section 1983").

1.   Plaintiff's Amended Complaint against Laura Vesely for alleged Section 1983 violations is beyond the 2-year statute of limitations.

The statute of limitations for a Section 1983 claim in Arizona, under any legal theory, is two years. *McKee v. Peoria Unified School District*, 963 F. Supp.2d 911, 922 (D. Ariz. 2013) ("Because § 1983 does not contain its own statute of limitations, courts borrow the forum state's statute of limitations for personal injury claims…In Arizona, that time period is two years."); *Normandeux v. City of Phoenix*, 516 F. Supp.2d 1054, 1065 (D. Ariz. 2005) (two year statute of limitations applied to "all § 1983 claims, regardless of the facts or legal theory of the particular case"). Here, according to the Amended Complaint, the cause of action arose from an alleged conversation that took place between Ms. Vesely and Plaintiff on June 21, 2022. [Doc. 27 at  ¶ ¶ 38-44].

1   Plaintiff's Amended Complaint makes no other allegations related to Ms. Vesely's

2   conduct. [See Doc. 27].

3          Therefore, to have a timely Section 1983 claim against Laura Vesely

4   arising from this conversation, Plaintiff was required to bring an action against Laura

5   Vesely on or before June 21, 2024. Plaintiff did not bring a claim against Ms. Vesely

6   until December 21, 2024. The Section 1983 claims against Ms. Vesely are therefore

7   untimely, and should be dismissed.

8          2.    <u>Plaintiff's attempt to add Laura Vesely as a defendant does not relate
           back to Plaintiff's original Complaint.</u>

9

10         Plaintiff  may assert that their[2] claims against Laura Vesely should relate

11  back to their original complaint, and therefore avoid dismissal on statute of limitations

12  grounds. Plaintiff's claims against Laura Vesely, however, do not relate back to their

13  original complaint.

14         Rule 15 of the Federal Rules of Civil Procedure provides the standard by

15  which a claim against a new defendant can relate back to an original filing. For Plaintiff

16  to successfully include Ms. Vesely as a new party to their Amended Complaint under

17  Rule 15, Plaintiff must establish that the amended claim against Ms. Vesely arose out of

18  the conduct, transaction, or occurrence set out--or attempted to be set out--in the original

19  pleading. Fed. R. Civ. P. 15(c)(1)(B); 15(c)(1)(C). Plaintiff must also show that Ms.

20  Vesely received appropriate notice[3] of the original complaint, that Ms. Vesely would not

21  be prejudices in defending on the merits, and that Ms. Vesely knew or should have

22  known that the action would have been brought against her, but for a mistake concerning

23  the proper party's identity. Fed. R. Civ. P. 15(c)(1)(C)(i)-(ii); *Butler v. National*

24  *Community Renaissance of California*, 766 F.3d 1191 (2014) (New defendant must have

25

26

27         ─────────────────
           [2] Plaintiff is non-binary and uses pronouns they/them/their.

28         [3] Notice may be actual or constructive or it may be imputed to a defendant with an
    "community of interest" with the named defendant. *G.F. Co. v. Pan Ocean Shipping Co.*,
    23 F.3d 1498, 1503 (9th Cir. 1994).

known or should have known that, but for a mistake concerning identity, the action would have been brought against them.).

Here, the Amended Complaint does not relate back to the original filing with respect to Ms. Vesely because Plaintiff cannot demonstrate that Ms. Vesely knew or should have known that the action would have been brought against her, but for a mistake concerning the proper party's identity. Plaintiff specifically identified Ms. Vesely in their original complaint, making direct reference to her alleged statements and actions. Plaintiff has been continually aware of Ms. Vesely's identity and actions in relation to this lawsuit.

This is fatal to Plaintiff's Amended Complaint against Ms. Vesely. Rule 15(c) gives no relief to a plaintiff who engaged in a tactical decision to exclude a Defendant of which they were aware. In *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 856 (D. Ariz. 1999), the District Court explained that it is impermissible to add a known defendant to a complaint and have the amended complaint relate back to the original matter, stating:

> The cases in which a plaintiff seeks to add a defendant after the statute of limitations has run follow three patterns. <u>In one situation, the plaintiff is aware of the potential defendant's identity at the time the original complaint is filed but is uncertain whether the potential defendant may be found liable.</u> *See, e.g., Wells v. HBO & Co.*, 813 F.Supp. 1561, 1567 (N.D.Ga.1992). **In this situation, the amendment to add a party that plaintiff had known of from the outset is never allowed.** *See also Gilmore v. State of California, No. 93–20788, 1995 WL 492625, at *2 (N.D.Cal. Aug. 10, 1995) (same); Havoco of America, Ltd., 750 F.Supp. at 953* (discussed previously).

*Id.*

Here, Plaintiff was aware of Ms. Vesely, her role in the District, and the actions she took related to this matter. Plaintiff specifically referred to Ms. Vesely, and Ms. Vesely's alleged actions, in the original Complaint. The failure to name Ms. Vesely as a defendant was a tactical decision - - not a mistake.

117917518.1

*Gage v. Arizona Board of Regents*, 643 F.Supp 3d 1013 (D. Ariz. 2022) further supports the conclusion that Plaintiff's Amended Complaint does not relate back to the original complaint. In *Gage*, a plaintiff filed a claim under the FMLA, but attempted to amend the complaint to add his supervisor as a defendant after the statute of limitations against the supervisor had run. The supervisor moved to dismiss the claim against him, arguing that the claim was untimely and that the claim against him did not relate back to the original complaint. The court agreed that, even though the supervisor had constructive notice of the original complaint, the plaintiff failed to meet the burden of showing that the supervisor "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity" *Gage*, 643 F.Supp.3d at 1021. The court explained plaintiff failure, stating:

> In the present case, Plaintiff has not alleged that Christensen knew or should have known she would be named as a defendant absent some mistake. Plaintiff offers no explanation for Christensen's omission in the original complaint…. Plaintiff does not argue he only recently understood Christensen's role in the alleged harm. *See Krupski*, 560 U.S. at 549, 130 S.Ct. 2485; *Nelson*, 529 U.S. at 467, 120 S.Ct. 1579. Plaintiff has thus not met his burden to meet the requirements of Rule 15(c). *Martell*, 872 F.2d at 324; *Louisiana-Pac. Corp.*, 5 F.3d at 434. Where, as here, there is no allegation or evidence a defendant should have expected to be sued, "[a] prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him has a strong interest in repose." *Krupski,* 560 U.S. at 550, 130 S.Ct. 2485. Accordingly, the Court finds Plaintiff's claims against Defendant Christensen do not relate back to the date of the original complaint under Rule 15(c).

*Id.*

Here, as in *Gage*, Plaintiff has not alleged that Ms. Vesely knew or should have known she would be named as a defendant absent some mistake. Here, as in *Gage*, there is no explanation for Ms. Vesely's omission in the original complaint. Plaintiff does not, and cannot, argue that Plaintiff only recently understood Ms. Vesely's role in the alleged harm. Plaintiff individually and personally sued other individual defendants (Ms. Rooks and Ms. Hill), so Plaintiff's omission of Ms. Vesely must be viewed as a tactical

decision. Because there is no allegation or evidence that Ms. Vesely should have expected to be sued in this matter, Plaintiff's attempt to add Ms. Vesely as a defendant fails to meet the Rule 15 requirements for relation back, and the Amended Complaint against Ms. Vesely was filed beyond the statute of limitations that applies to Ms. Vesely's actions in this matter. Ms. Vesely must be dismissed as a defendant in this case in its entirety.

    **B.**    **<u>Plaintiffs' Amended Complaint fails to identify a policy, practice, or custom that would allow the District to be liable for the alleged violation of Plaintiff's constitutional rights.</u>**

Plaintiff's Amended Complaint also continues to allege that the District, as an entity, violated Plaintiff's constitutionally-protected speech rights. Count 4 and Count 5 of Plaintiff's Complaint allege discrimination and retaliation against the District in violation of 42 U.S.C §1983. Plaintiff's Amended Complaint, however, does not allege a District "policy, practice, or custom" in a manner that would allow these allegations to survive dismissal.

A government entity may not be sued under §1983 for a constitutional violation inflicted by its employee unless the violation results from the execution of a policy or custom of the government entity. *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 694 (1978). To assert a § 1983 claim against a government entity, a plaintiff must plead: (1) the existence of a policy, custom, or practice, and (2) that the policy, custom, or practice amounted to deliberate indifference to the plaintiff's constitutional rights. *Perryman v. City of Pittsburg*, 545 F.Supp.3d 796 (2021). Additionally, the plaintiff must plead that the policy or custom was the moving force behind the constitutional violation. *Johnson v. Shasta County*, 83 F.Supp.3d 918 (2015); *see also Butcher v. City of Marysville*, 398 F.Supp.3d 715 (2019). A single constitutional deprivation "is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker*." Okla. City v. Tuttle*, 471 U.S. 808, 824 (1985).

7

1    In order to properly plead a "policy, practice or custom," a plaintiff must

2 either (a) identify a policy statement, ordinance, regulation, or decision officially adopted

3 and promulgated by the municipality's officers, or (b) show a widespread practice that,

4 although not authorized by written law or express municipal policy, is so permanent and

5 well settled as to constitute a custom or usage with the force of law. *Mitchell v. County of*

6 *Contra Costa*, 600 F.Supp.3d 1018 (2022). Plaintiff's amended pleading does neither of

7 these things. Nowhere does Plaintiff's amended complaint alleged or identify any "policy

8 statement, ordinance, regulation or [officially adopted] decision" that supports the Section

9 1983 claim, and Plaintiff does not allege a "widespread practice" that is the source of

10 Plaintiff's constitutional deprivation. [*See* Doc. 27]. Plaintiff's Amended Complaint

11 specifically asserts that Plaintiff knows of <u>no other person</u> who was subject to the alleged

12 practice of "not speaking on controversial subjects" [*Id.*, ¶ 152]. ("Upon information and

13 belief, the District and Vesely never enforced the District's prohibition on controversial

14 topics against other employees, only against Plaintiff, on the topic of transgender rights.").

15 Plaintiff, therefore, does not and cannot assert that the District had a wide-ranging practice

16 of prohibiting speech on controversial topics, Plaintiff is unable to establish that there is

17 policy or practice that has been  promulgated by the Districts' officers or that there is

18 widespread practice or use of the policy, and for these reasons, the Section 1983 claims

19 against the District as an entity should be dismissed.

20    Plaintiff may also assert that that the District as an entity is liable because

21 Ms. Vesely, Ms. Hill or Ms. Rooks are District  "policymakers." District policy, however,

22 is made by the District's Governing Board or (potentially) the District's Superintendent.

23 There is no authority to support the suggestion that either the District's HR Manager or an

24 individual board member is a "policymaker" for the District. Indeed, Plaintiff

25 acknowledged in prior pleadings that the Governing Board and the District's

26 Superintendent are the final policymakers for the District. (Doc. 16 at pgs. 5:18 – 6:2).

27 Plaintiff cannot use this argument to assert a Section 1983 claims against the District.

28

117917518.1

As with Plaintiffs' previous Complaint, the Amended Complaint lacks any well-pled allegation that the Board and Superintendent could delegate their policymaking authority, nor that they did delegate such authority, to Ms. Vesely. Therefore, the Amended Complaint, just like the original Complaint, fails to set out plausible Section 1983 claims against the District (or Ms. Vesely) on this basis. Further, nothing in Plaintiff's Amended Complaint can be read or interpreted as asserting that an alleged District policy was the "moving force behind the constitutional violation."

Plaintiff's Amended Complaint alleges that the Board "ratified" Ms. Vesely's actions, but the Amended Complaint (just like the original complaint) fails to allege a single fact that would demonstrate that the Superintendent or Board attempted to ratify any actions taken by Ms. Vesely. Plaintiff alleges that Ms. Vesely "spoke" to the Board about her actions [Doc. 27 at ¶¶ 122-123], but merely speaking to a Board is not sufficient for a Board to "ratify" conduct. A district Governing Board can only act by majority vote of a quorum of its Members at a properly-noticed meeting. *See, Porta House, Inc. v. Scottsdale Auto Lease, Inc*., 584 P.2d 579, 583 (App.1978) (action by two school district board members was of no legal effect because it was not the result of a majority vote at a public meeting); *See also Ariz.Op.Atty. Gen*. No. I81-054, 1981 WL 38951 ("…a school district board member has no power or right different from any other citizen notwithstanding the statutory powers of the school district board which may only be exercised by the board when lawfully convened as a body."). Therefore, even if true, Ms. Vesely informing the Board of the alleged action related to Plaintiff cannot - - legally - - constitute ratification by the Board.

Finally, to the extent Plaintiff seeks to base the Section 1983 claims against the District and Ms. Vesely on Ms. Hill and Ms. Rooks' "attempt to terminate" Plaintiff, this effort fails as well. Plaintiffs Amended Complaint establishes that Ms. Vesely, the District, and the Superintendent "reminded the board members that Arizona law and District policy prevented the Board from not renewing Plaintiff's teaching contract in the manner in which Hill and Rooks proposed […]" [*Id.*, ¶ 59]. Plaintiff cannot claim that Ms.

Vesely or the District were somehow responsible for this alleged action. Because the alleged constitutional violations were not the product of a policy, practice or custom of the District, Plaintiff's §1983 claims against the District (Count 4 and Count 5) must be dismissed.

## III.    CONCLUSION

For the foregoing reasons, the District requests that Counts 4 and 5 of Plaintiff's Amended Complaint be dismissed as to the District, and that Laura Vesely be dismissed as a defendant from the Amended Complaint in its entirety.

DATED this 6th day of January, 2025.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/ Gordon Lewis
        Gordon Lewis
        Stephanie D. Baldwin
        40 N. Central Avenue, Suite 2700
        Phoenix, Arizona 85004
        Attorneys for Defendant Peoria Unified
        School District and Laura Vesely

117917518.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th  day of January, 2025, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

Jacqueline Mendez Soto
James E. Barton II
Daniella Fernandez Lertzman
Barton Mendez Soto PLLC
401 W. Baseline Road, Suite 205
Tempe, Arizona 85283
Jacqueline@bartonmendezsoto.com
James@bartonmendezsoto.com
Daniella@bartonmendezsoto.com
Attorneys for Plaintiff

Eli T. Enger
Meghan M. Baka
Udall Shumway
1138 North Alma School Road, Suite 101
Mesa, Arizona 85201
ete@udallshumway.com
mmb@udallshumway.com
docket@udallshumway.com
Attorneys for Defendants Rooks & Hill


/s/ Megan Axlund

117917518.1