**UDALL|SHUMWAY**
COUNSELORS AT LAW SINCE 1965

1138 NORTH ALMA SCHOOL ROAD, SUITE 101
MESA, ARIZONA 85201
Telephone: 480.461.5300 | Fax: 480.833.9392

Eli T. Enger (SBN 034242)
ete@udallshumway.com
Meghan M. Baka (SBN 038373)
mmb@udallshumway.com
docket@udallshumway.com
*Attorneys for Defendants Rooks & Hill*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| River Chunnui f/k/a Sarah Chunnui,<br><br>Plaintiff,<br><br>v.<br><br>Peoria Unified School District, et al.<br><br>Defendants. | Case No.: 2:24-cv-00503-MTL<br><br>**DEFENDANTS HEATHER ROOKS' AND REBECCA HILL'S ANSWER TO PLAINTIFF'S *FIRST AMENDED COMPLAINT*** |

Defendants Heather Rooks ("Rooks"), and Rebecca Hill ("Hill") (collectively, "Defendants") hereby submit their Answer to Plaintiff's First Amended Complaint ("First Amended Complaint") as follows:

## INTRODUCTION

1. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated in ¶ 1 of the First Amended Complaint.

2. Defendants admit Plaintiff is a special education teacher at Peoria Unified School District (the "District") and that the First Amended Complaint was filed against the District, Rooks and Hill. Defendants deny all remaining allegations stated in ¶ 2 of the First Amended Complaint.

## JURISDICTION AND VENUE

3. With respect to ¶¶ 3 and 4 of the First Amended Complaint, Defendants admit that jurisdiction and venue are proper while reserving the right to argue that the Court should decline to exercise jurisdiction should the plaintiffs' federal claims be dismissed before trial.

## PARTIES

4. Defendants admit that Plaintiff works for the District. Defendants are without sufficient information or knowledge regarding the remaining allegations stated in ¶ 5 of the First Amended Complaint.

5. Defendants admit the allegations stated in ¶ 6 of the First Amended Complaint.

6. With respect to the allegations stated in ¶ 7 of the First Amended Complaint, Defendants admit that Rooks was elected to the District's Governing Board. Defendants deny the remaining allegations stated in ¶ 7 of the First Amended Complaint.

7. With respect to the allegations stated in ¶ 8 of the First Amended Complaint, Defendants admit that Hill was elected to the District's Governing Board. Defendants deny the remaining allegations stated in ¶ 8 of the First Amended Complaint.

8. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated in ¶ 9 of the First Amended Complaint.

## ALLEGATIONS

9. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated in ¶ 10 of the First Amended Complaint.

10. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated in ¶ 11 of the First Amended Complaint.

11. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated in ¶ 12 of the First Amended Complaint.

12. Defendants admit Plaintiff sent an email on March 31, 2022 to employees of Desert Harbor and the contents of that reads as written in ¶ 13 of the First Amended Complaint. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 13 of the First Amended Complaint.

13. Defendants deny the allegations stated in ¶ 14 of the First Amended Complaint.

14. Defendants deny the allegations stated in ¶ 15 of the First Amended Complaint.

15. Defendants admit the allegations stated in ¶ 16 of the First Amended Complaint.

16. Defendants deny the allegations stated in ¶ 17 of the First Amended Complaint.

17. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated in ¶ 18 of the First Amended Complaint.

18. Defendants deny the allegations stated in ¶ 19 of the First Amended Complaint.

19. Defendants deny the allegations stated in ¶ 20 of the First Amended Complaint.

20. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated in ¶ 21 of the First Amended Complaint.

21. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated in ¶ 22 of the First Amended Complaint.

22. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated in ¶ 23 of the First Amended Complaint.

23. Defendants deny the allegations stated in ¶ 24 of the First Amended Complaint.

24. Defendants admit Hill was a governing board member on March 31, 2022 and subsequently resigned from the District's governing board. Defendants deny the remaining allegations stated in ¶ 25 of the First Amended Complaint.

25. Defendants admit Rooks was not a governing board member on March 31, 2022, that Rooks was elected on November 8, 2022, and that Rooks took office on January 1, 2023. Defendants deny the remaining allegations stated in ¶ 26 of the First Amended Complaint.

26. Defendants admit Rooks created a social media post on April 7, 2022. Defendants deny the remaining allegations stated in ¶ 27 of the First Amended Complaint.

27. Defendants deny the allegations stated in ¶ 28 of the First Amended Complaint.

28. Defendants deny the allegations stated in ¶ 29 of the First Amended Complaint.

29. Defendants deny the allegations stated in ¶ 30 of the First Amended Complaint.

30. Defendants deny the allegations stated in ¶ 31 of the First Amended Complaint.

31. Defendants deny the allegations stated in ¶ 32 of the First Amended Complaint.

32. Defendants deny the allegations stated in ¶ 33 of the First Amended Complaint.

33. Defendants deny the allegations stated in ¶ 34 of the First Amended Complaint.

34. Defendants deny the allegations stated in ¶ 35 of the First Amended Complaint.

35. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated in ¶ 36 of the First Amended Complaint.

36. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated in ¶ 37 of the First Amended Complaint.

37. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated in ¶ 38 of the First Amended Complaint.

38. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated in ¶ 39 of the First Amended Complaint.

39. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated in ¶ 40 of the First Amended Complaint.

40. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated in ¶ 41 of the First Amended Complaint.

41. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated in ¶ 42 of the First Amended Complaint.

42. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated in ¶ 43 of the First Amended Complaint.

43. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated in ¶ 44 of the First Amended Complaint.

44. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated in ¶ 45 of the First Amended Complaint.

45. Defendants lack knowledge or information sufficient to form a belief about the truth

of the allegations stated in ¶ 46 of the First Amended Complaint.

46. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated in ¶ 47 of the First Amended Complaint.

47. Defendants deny accusing Plaintiff of "pedophilia and grooming children for sexual conduct." Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations stated in ¶ 48 of the First Amended Complaint.

48. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations stated in ¶ 49 of the First Amended Complaint.

49. Defendants deny the allegations stated in ¶ 50 of the First Amended Complaint.

50. Defendants admit the allegations stated in ¶ 51 of the First Amended Complaint.

51. Defendants deny the allegations stated in ¶ 52 of the First Amended Complaint.

52. Defendants deny the allegations stated in ¶ 53 of the First Amended Complaint.

53. Defendants deny the allegations stated in ¶ 54 of the First Amended Complaint.

54. Defendants deny the allegations stated in ¶ 55 of the First Amended Complaint.

55. Defendants admit that Rooks seconded a motion. Defendants deny the remaining allegations stated in ¶ 56 of the First Amended Complaint.

56. Defendants deny the allegations stated in ¶ 57 of the First Amended Complaint.

57. Defendants deny the allegations stated in ¶ 58 of the First Amended Complaint.

58. Defendants deny the allegations stated in ¶ 59 of the First Amended Complaint.

59. Defendants deny the allegations stated in ¶ 60 of the First Amended Complaint.

60. Defendants deny the allegations stated in ¶ 61 of the First Amended Complaint.

61. Defendants deny the allegations stated in ¶ 62 of the First Amended Complaint.

62. Defendants deny the allegations stated in ¶ 63 of the First Amended Complaint.

63. Defendants deny the allegations stated in ¶ 64 of the First Amended Complaint.

64. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations stated in ¶ 65 the First Amended Complaint.

65. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations stated in ¶ 66 of the First Amended Complaint.

66. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations stated in ¶ 67 of the First Amended Complaint.

67. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations stated in ¶ 68 of the First Amended Complaint.

68. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations stated in ¶ 69 of the First Amended Complaint.

69. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations stated in ¶ 70 of the First Amended Complaint.

70. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations stated in ¶ 71 of the First Amended Complaint.

71. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations stated in ¶ 72 of the First Amended Complaint.

72. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations stated in ¶ 73 of the First Amended Complaint.

73. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations stated in ¶ 74 of the First Amended Complaint.

## COUNT I

### Disparate Treatment Because of Sex in Violation of Title VII, 42 U.S.C. § 2000e-2(a)

### Against the District

74. Defendants incorporate their responses to ¶¶ 1 – 74 of the First Amended Complaints allegations by this reference.

75. Defendants deny the allegations contained in ¶ 76 of the First Amended Complaint. Defendants allege ¶ 76 of the First Amended Complaint contains improper legal argument and

conclusion rather than facts that can be admitted or denied.

76. Defendants deny the allegations contained in ¶ 77 of the First Amended Complaint. Defendants allege ¶ 77 of the First Amended Complaint contains improper legal argument and conclusion rather than facts that can be admitted or denied.

77. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations stated in ¶ 78 of the First Amended Complaint.

78. Defendants deny the allegations stated in ¶ 79 of the First Amended Complaint.

79. Defendants deny the allegations stated in ¶ 80 of the First Amended Complaint.

80. Defendants deny the allegations stated in ¶ 81 of the First Amended Complaint.

81. Defendants deny the allegations stated in ¶ 82 of the First Amended Complaint.

82. Defendants deny the allegations stated in ¶ 83 of the First Amended Complaint.

83. Defendants deny the allegations stated in ¶ 84 of the First Amended Complaint.

84. Defendants deny the allegations stated in ¶ 85 of the First Amended Complaint.

## COUNT 2

### Hostile Work Environment in violation of the Civil Rights Act of 1967, 42 U.S.C. § 2000e-2(a) Against the District

85. Defendants incorporate their responses to ¶¶ 1 – 85 of the First Amended Complaints allegations by this reference.

86. Defendants deny the allegations contained in ¶ 87 of the First Amended Complaint. Defendants allege ¶ 87 of the First Amended Complaint contains improper legal argument and conclusion rather than facts that can be admitted or denied.

87. Defendants deny the allegations stated in ¶ 88 of the First Amended Complaint.

88. Defendants deny the allegations stated in ¶ 89 of the First Amended Complaint.

89. Defendants deny the allegations contained in ¶ 90 of the First Amended Complaint. Defendants allege ¶ 90 of the First Amended Complaint contains improper legal argument and conclusion rather than facts that can be admitted or denied.

90. Defendants deny the allegations stated in ¶ 91 of the First Amended Complaint.

91. Defendants deny the allegations stated in ¶ 92 of the First Amended Complaint.

92. Defendants deny the allegations stated in ¶ 93 of the First Amended Complaint.

93. Defendants deny the allegations stated in ¶ 94 of the First Amended Complaint.

94. Defendants deny the allegations stated in ¶ 95 of the First Amended Complaint.

95. Defendants deny the allegations stated in ¶ 96 of the First Amended Complaint.

96. Defendants deny the allegations stated in ¶ 97 of the First Amended Complaint.

97. Defendants deny the allegations stated in ¶ 98 of the First Amended Complaint.

## COUNT 3

**Violation of the Education Amendments of 1971 (Title IX) – Against the District**

98. Defendants incorporate their responses to ¶¶ 1 – 98 of the First Amended Complaints allegations by this reference.

99. Defendants deny the allegations contained in ¶¶ 100 - 104 of the First Amended Complaint. Defendants allege ¶¶ 100 - 104 of the First Amended Complaint contains improper legal argument and conclusion rather than facts that can be admitted or denied.

100. Defendants deny the allegations stated in ¶ 105 of the First Amended Complaint.

101. Defendants deny the allegations stated in ¶ 106 of the First Amended Complaint.

102. Defendants deny the allegations stated in ¶ 107 of the First Amended Complaint.

103. Defendants deny the allegations stated in ¶ 108 of the First Amended Complaint.

## COUNT 4

**Unlawful Retaliation – Against the District, Rebecca Hill and Heather Rooks (personal and official capacity), and Laura Vesely (official capacity)**

104. Defendants incorporate their responses to ¶¶ 1 – 108 of the First Amended Complaints allegations by this reference.

105. Defendants deny the allegations stated in ¶ 110 of the First Amended Complaint.

106. Defendants deny the allegations stated in ¶ 111 of the First Amended Complaint.

107. Defendants deny the allegations stated in ¶ 112 of the First Amended Complaint.

108. Defendants deny the allegations stated in ¶ 113 of the First Amended Complaint.

109. Defendants deny the allegations stated in ¶ 114 of the First Amended Complaint.

110. Defendants deny the allegations stated in ¶ 115 of the First Amended Complaint.

111. Defendants deny the allegations stated in ¶ 116 of the First Amended Complaint.

112. Defendants deny the allegations stated in ¶ 117 of the First Amended Complaint.

113. Defendants deny the allegations stated in ¶ 118 of the First Amended Complaint.

114. Defendants deny the allegations stated in ¶ 119 of the First Amended Complaint.

115. Defendants deny the allegations stated in ¶ 120 of the First Amended Complaint.

116. Defendants deny the allegations stated in ¶ 121 of the First Amended Complaint.

117. Defendants deny the allegations stated in ¶ 122 of the First Amended Complaint.

118. Defendants deny the allegations stated in ¶ 123 of the First Amended Complaint.

119. Defendants deny the allegations stated in ¶ 124 of the First Amended Complaint.

120. Defendants deny the allegations stated in ¶ 125 of the First Amended Complaint.

121. Defendants deny the allegations stated in ¶ 126 of the First Amended Complaint.

122. Defendants deny the allegations stated in ¶ 127 of the First Amended Complaint.

123. Defendants deny the allegations stated in ¶ 128 of the First Amended Complaint.

124. Defendants deny the allegations stated in ¶ 129 of the First Amended Complaint.

125. Defendants deny the allegations stated in ¶ 130 of the First Amended Complaint.

126. Defendants deny the allegations contained in ¶ 131 of the First Amended Complaint. Defendants allege ¶¶ 131 of the First Amended Complaint contains improper legal argument and conclusion rather than facts that can be admitted or denied.

127. Defendants deny the allegations contained in ¶ 132 of the First Amended Complaint. Defendants allege ¶¶ 132 of the First Amended Complaint contains improper legal argument and conclusion rather than facts that can be admitted or denied.

128. Defendants deny the allegations stated in ¶ 133 of the First Amended Complaint.

129. Defendants deny the allegations stated in ¶ 134 of the First Amended Complaint.

130. Defendants deny the allegations stated in ¶ 135 of the First Amended Complaint.

131. Defendants deny the allegations stated in ¶ 136 of the First Amended Complaint.

132. Defendants deny the allegations stated in ¶ 137 of the First Amended Complaint.

133. Defendants deny the allegations stated in ¶ 138 of the First Amended Complaint.

134. Defendants deny the allegations stated in ¶ 139 of the First Amended Complaint.

## COUNT 5

**Viewpoint Discrimination – Against the District and Laura Vesely (official capacity)**

135. Defendants incorporate their responses to ¶¶ 1 – 140 of the First Amended Complaint herein by this reference.

136. Defendants deny the allegations contained in ¶ 141 of the First Amended Complaint. Defendants allege ¶ 141 of the First Amended Complaint contains improper legal argument and conclusion rather than facts that can be admitted or denied.

137. Defendants deny the allegations stated in ¶ 142 of the First Amended Complaint.

138. Defendants deny the allegations stated in ¶ 143 of the First Amended Complaint.

139. Defendants deny the allegations stated in ¶ 144 of the First Amended Complaint.

140. Defendants deny the allegations stated in ¶ 145 of the First Amended Complaint.

141. Defendants deny the allegations stated in ¶ 146 of the First Amended Complaint.

142. Defendants deny the allegations stated in ¶ 147 of the First Amended Complaint.

143. Defendants deny the allegations stated in ¶ 148 of the First Amended Complaint.

144. Defendants deny the allegations stated in ¶ 149 of the First Amended Complaint.

145. Defendants deny the allegations stated in ¶ 150 of the First Amended Complaint.

146. Defendants deny the allegations stated in ¶ 151 of the First Amended Complaint.

147. Defendants deny the allegations stated in ¶ 152 of the First Amended Complaint.

148. Defendants deny the allegations stated in ¶ 153 of the First Amended Complaint.

149. Defendants deny the allegations stated in ¶ 154 of the First Amended Complaint.

150. Defendants deny the allegations stated in ¶ 155 of the First Amended Complaint.

151. Defendants deny the allegations stated in ¶ 156 of the First Amended Complaint.

152. Defendants deny the allegations stated in ¶ 157 of the First Amended Complaint.

153. Defendants deny the allegations stated in ¶ 158 of the First Amended Complaint.

154. Defendants deny the allegations stated in ¶ 159 of the First Amended Complaint.

155. Defendants deny the allegations stated in ¶ 160 of the First Amended Complaint.

156. Defendants deny the allegations stated in ¶ 161 of the First Amended Complaint.

## COUNT 6

### Violation of Free Speech – Against the District, Rebecca Hill and Heather Rooks

157. Paragraph 162 of the First Amended Complaint does not require a response.

## COUNT 7

### False Light Invasion of Privacy – Rebecca Hill and Heather Rooks (personal capacity)

158. Paragraph 163 of the First Amended Complaint does not require a response.

159. Defendants incorporate their responses to ¶¶ 1 – 163 of the First Amended Complaint herein by this reference.

160. Defendants deny the allegations contained in ¶ 165 of the First Amended Complaint. Defendants allege ¶ 165 of the First Amended Complaint contains improper legal argument and conclusion rather than facts that can be admitted or denied.

161. Defendants deny the allegations stated in ¶ 166 of the First Amended Complaint.

162. Defendants deny the allegations stated in ¶ 167 of the First Amended Complaint.

163. Defendants deny the allegations stated in ¶ 168 of the First Amended Complaint.

164. Defendants deny the allegations stated in ¶ 169 of the First Amended Complaint.

165. Defendants deny the allegations stated in ¶ 170 of the First Amended Complaint.

166. Defendants deny the allegations stated in ¶ 171 of the First Amended Complaint.

167. Defendants are without sufficient information or knowledge regarding the allegations in ¶ 172 of the First Amended Complaint.

168. Defendants deny the allegations in ¶ 173 of the First Amended Complaint.

169. Defendants admit the allegations in ¶ 174 of the First Amended Complaint.

170. Defendants deny the allegations stated in ¶ 175 of the First Amended Complaint.

171. Defendants deny the allegations stated in ¶ 176 of the First Amended Complaint.

172. Defendants deny the allegations stated in ¶ 177 of the First Amended Complaint.

173. Defendants deny the allegations stated in ¶ 178 of the First Amended Complaint.

174. Defendants deny the allegations stated in ¶ 179 of the First Amended Complaint.

175. Defendants deny the allegations stated in ¶ 180 of the First Amended Complaint.

## COUNT 8

### Intentional Infliction of Emotional Distress –

### Rebecca Hill and Heather Rooks (personal capacity)

176. Paragraph 181 of the First Amended Complaint does not require a response.

177. Defendants incorporate their responses to ¶¶ 1 – 181 of the First Amended Complaint herein by this reference.

178. Defendants deny the allegations contained in ¶ 183 of the First Amended Complaint. Defendants allege ¶ 183 of the First Amended Complaint contains improper legal argument and conclusion rather than facts that can be admitted or denied.

179. Defendants deny the allegations stated in ¶ 184 of the First Amended Complaint.

180. Defendants deny the allegations stated in ¶ 185 of the First Amended Complaint.

181. Defendants deny the allegations stated in ¶ 186 of the First Amended Complaint.

182. Defendants deny the allegations stated in ¶ 187 of the First Amended Complaint.

183. Defendants deny the allegations stated in ¶ 188 of the First Amended Complaint.

184. Defendants deny the allegations stated in ¶ 189 of the First Amended Complaint.

185. Defendants deny the allegations stated in ¶ 190 of the First Amended Complaint.

186. Defendants deny the allegations stated in ¶ 191 of the First Amended Complaint.

187. Defendants deny the allegations stated in ¶ 192 of the First Amended Complaint.

188. Defendants deny the allegations stated in ¶ 193 of the First Amended Complaint.

189. Defendants deny the allegations stated in ¶ 194 of the First Amended Complaint.

## **GENERAL DENIAL**

Defendants generally and specifically deny each and every allegation of the First Amended Complaint unless specifically admitted or qualified herein.

## **AFFIRMATIVE DEFENSES**

1. Defendants affirmatively assert that some or all of the claims against the Defendants fail to state a claim upon which relief can be granted.

2. Defendants affirmatively assert that some or all of the claims alleged by the Plaintiff are barred by the statute of limitations applicable to such claim.

3. Defendants affirmatively assert that Plaintiff's claims are barred, in whole or in part, by her failure to exhaust her internal and/or administrative remedies or her failure to avoid harm otherwise.

4. Defendants affirmatively assert that Plaintiff's claims are barred, in whole or in part, by her failure to mitigate her damages.

5. Defendants affirmatively asserts that some or all of the claims against the District are barred, in whole or in part, by the doctrines of estoppel, latches, unclean hands, and waiver.

6. Defendants affirmatively assert that any claim for punitive damages is barred.

7. Defendants assert they are entitled to immunity, including, but not limited to, qualified immunity, with respect to some or all of the causes of action alleged in the First Amended Complaint.

8. Discovery in this case may reveal that one or more of the affirmative defenses is applicable in this case; accordingly, the Defendants Hill and Rooks reserve each and every other possible affirmative defense as discovery may reveal during the course of this case, including, but

13

not limited to, those identified in Rule 8 of the Federal Rules of Civil Procedure, each of which is incorporated herein by this explicit reference.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendants respectfully request this Court grant the following relief:

A.    That Plaintiff's First Amended Complaint be dismissed with prejudice and that they take nothing therein;

B.    That the Court award Defendants reasonable attorneys' fees and costs; and

C.    For such other and further relief as the Court deems just and proper.

DATED this 6th day of January 2025.

**UDALL SHUMWAY PLC**

By: /s/ Eli T. Enger
   Eli E. Enger
   Meghan M. Baka
   1138 N Alma School Rd., Ste. 101
   Mesa, AZ 85201
   *Attorneys for Defendants Rooks & Hill*

14

# CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2025, I electronically transmitted the attached document to the Clerk's Office using ECF/CM for filing and that all parties' counsel will be served via the Court's ECF/CM system, as well as emailed courtesy copies to:

Jacqueline Mendez Soto
James E. Barton II
Daniella Fernandez Lertzman
BARTON MENDEZ SOTO PLLC
Jacqueline@bartonmendezsoto.com
James@bartonmendezsoto.com
Daniella@bartonmendezsoto.com
*Attorneys for Plaintiff*

Gordon Lewis
JONES, SKELTON & HOCHULI, P.L.C.
GLewis@jshfirm.com
*Attorneys for Defendant Peoria Unified School District*

By: /s/ *Julie Donnelly, CP*

11852936/15111-9