Gordon Lewis, Bar #015162
Stephanie D. Baldwin #036897
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-4479
Fax: (602) 200-7897
glewis@jshfirm.com
sbaldwin@jshfirm.com

Attorneys for Defendant Peoria Unified
School District and Laura Vesely

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| River Chunnui f/k/a Sarah Chunnui, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Peoria Unified School District, et al,<br><br>Defendants. | No. 2:24-cv-00503-MTL<br><br>**Defendants Peoria Unified School District and Laura Vesely's Reply in Support of Motion for Partial Dismissal** |

Peoria Unified School District ("the District") and Laura Vesely, (collectively "Defendants") submit their Reply in Support of their Partial Motion to Dismiss.

I. **MS. VESELY MUST BE DISMISSED AS A DEFENDANT BECAUSE THE CLAIMS AGAINST HER ARE UNTIMELY AND DO NOT RELATE BACK TO THE ORIGINAL PLEADING**

In their Motion, Defendants noted that Plaintiff cannot add Ms. Vesely as a defendant to this matter because the claims against Ms. Vesely are untimely, and the claims against Ms. Vesely in the Amended Complaint do not relate back to the original Complaint. Plaintiff does not contest that the Section 1983 claims against Laura Vesely in the amended complaint are beyond the statute of limitations if those claims do not relate back to the original Complaint. As Plaintiff also acknowledges, an amended pleading that adds a defendant relates back to the original C*only* in cases where the new defendant knew or

118043551.1

should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1)(C)(ii). Because Plaintiff cannot show that Ms. Vesely knew or should have known that she should have been named as a defendant but for a mistake concerning the proper party's identity, the claims against Ms. Vesely do not relate back to the original Complaint and must be dismissed.

### A.   Plaintiff was not mistaken as to Ms. Vesely's identity or role.

In their Response, Plaintiff, through counsel, states they "did not include Vesely as a defendant in the original Complaint because of a mistake in understanding the role Vesely played in the 'conduct, transaction, or occurrence' giving rise to Plaintiff's claims." [Doc. 32 4:20-5:1]. This cannot be true for multiple reasons. First, in their Response, Plaintiff (through counsel) asserts that they filed the original Complaint, and conducted reasonable inquiry as required by Fed. R. Civ. P. 11(b). [Doc. 32 at 5:6-9]. In that original Complaint, Plaintiff, through counsel, provided ample detail concerning Ms. Vesely's identity, her role within the District, and her alleged actions and conduct giving rise to Plaintiff's claims. Plaintiff was simply not mistaken as to Ms. Vesely's identity or role in this matter.

In their Response, Plaintiff states that Ms. Vesely "should have known" she should have been named as a defendant because of misstatements in the original Complaint. *See* [Doc. 32 5:10-19] Plaintiff alleges these misstatements include that they omitted that Ms. Vesely allegedly identified and enforced an existing policy, or practice; erroneously said that Ms. Vesely told that Plaintiff did not violate any policy or law; and that their original Complaint failed to mention that Ms. Vesely allegedly issued a letter of future direction. [Doc. 32 5:10-19]. Their Response further claims that, because of these mistakes and misstatements, Ms. Vesely should have (1) identified these alleged mistakes, and then (2) determined she would have been identified as a defendant had it not been for these mistakes.

This claim is absurd. The notion that a Plaintiff can augment the allegation in a complaint against a known party and then assert that known party should have expected

the augmented allegation, is ludicrous. Further, and importantly, there was no possible way Ms. Vesely could have known that, <u>but for a mistake in identity</u>, she would have been named as a defendant in the original Complaint. At every relevant moment in this matter, Plaintiff has known Ms. Vesely's identity and known her role in the matter.

"Rule 15(c) was intended to protect a plaintiff who mistakenly names a party and then discovers, after the relevant statute of limitations has run, the identity of the proper party." *Kilkenny v. Arco Marine Inc.*, 800 F.2d 853, 857–58 (9th Cir. 1986). "Rule 15(c) was never intended to assist a plaintiff who ignores or fails to respond in a reasonable fashion to notice of a potential party, nor was it intended to permit a plaintiff to engage in piecemeal litigation." *Id.* Here, Plaintiff made a clear choice to NOT name Ms. Vesely as a defendant in the original Complaint, Plaintiff's original Complaint identified Ms. Vesely as the District's human resources officer, and stated  - - in no less than six paragraphs - - that Ms. Vesely told Plaintiff "not to use District Computers and Email system for personal use." *See* Doc. 1 ¶¶ 20, 36, 37, 62, 72, and 116. Plaintiff alleged in the original Complaint that, because of Ms. Vesely telling Plaintiff to refrain from "using District Computers and Email system for personal use," that  "[t]he District then imposed a rule on Plaintiff to refrain from using the District's computer and electronic mail for 'personal reasons.'" [Doc. 1 ¶¶ 36,116.]  Further in the original Complaint, Plaintiff asserted that Ms. Vesely gave an "admonishment to Plaintiff that they refrain from using the District's computer for personal emails […]." [Doc. 1 ¶ 61].  Plaintiff, therefore asserted in the original Complaint that they were "punished" for their actions by Ms. Vesely. *Id.*

The original Complaint demonstrates that Plaintiff understood the role Ms. Vesely played in the conduct, transaction, or occurrence giving rise to Plaintiff's claims. They cannot now state they were mistaken about Ms. Vesely and her involvement in the matter. Further, based on the allegations in the original Complaint, there is no way Ms. Vesely could believe that there was a mistake related to her identity, and that a mere mistake is why she was not named in the original Complaint.

Indeed, the Amended Complaint echoes these allegations from the Original Complaint. It states that "Vesely also ordered that Plaintiff refrain from using the District's computer to express their beliefs." [Doc. 27 ¶ 43]. Plaintiff also asserted in the original Complaint that they received "admonishment" for their actions. *See* [Doc. 1 ¶ 61]. Now, in their Amended Complaint, rather than simply stating they were admonished, they claim that they were "informed that they were going to be issued a memorandum of direction […]." [Doc. 27 ¶ 42]. This is not new information: It is just a re-phrasing of the same alleged action.

Any reader of the original Complaint would understand that Plaintiff alleged that Ms. Vesely gave Plaintiff some type of admonishment, and that Plaintiff believed that "[t]he District then imposed a **rule** on Plaintiff to refrain from using the District's computer and electronic mail for "personal reasons" ***because of*** the conversation Plaintiff had with Ms. Vesely. Plaintiff cannot now claim that they were mistaken about Ms. Vesely's role in the matter. It was a strategic choice to not name Ms. Vesely, not "mistaken identity." This strategic choice prevents Plaintiff from relating the Amended Complaint back to the Original Complaint.

Further, the Response alleges that Ms. Vesely should have known "that the action could have been brought against her, but for *a mistake in identifying the policy or practice* that she discriminatorily enforced against Plaintiff." [Doc. 32 6:11-15]. The Response explains that "Vesely knew of the original Complaint's misstatement, that of denying that Vesely had enforced any policy or practice against Plaintiff. That knowledge should have put Vesely on notice that the action could have been brought against her, but for a mistake in identifying the policy or practice that she discriminatorily enforced against Plaintiff." [Doc. 32 at 6:11-15.]. This argument is not valid, because Plaintiff named the District and other defendants in their original complaint because of a "rule" but not Ms. Vesely, even though Plaintiff claims to have made a mistake in identifying the policy or practice. Furthermore, a lack in identifying a practice or policy does not put Ms. Vesely on notice that she should or would have been named except for a mistake in her identity.

4

B.  **Plaintiff's cited caselaw is unpersuasive.**

Plaintiffs in their Response rely on *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 549 (2010), as an example of a "misunderstanding the roles that party A and party B played in the 'conduct, transaction, or occurrence' giving rise to her claim mistake as to the proper party's identity." *Krupski*, however, is not analogous to this case. In *Krupski*, the Court found that there was a true mistake in identity because Plaintiff named "Costa Cruise Lines" instead of the proper party "Costa Crociere" the true operator of a Cruise line. The Court explained that "the complaint made clear that Krupski meant to sue the company that 'owned, operated, managed, supervised and controlled' the ship on which she was injured, and also indicated (mistakenly) that Costa Cruise performed those roles." *Id. at* 554.

Here, unlike in *Krupski*, there is no confusion about who Ms. Vesely is, or what her role was in the relevant actions. This does not involve a circumstance of naming the wrong party. Nor is it a misunderstanding of the party who was responsible for Plaintiff's claim, or the role the party played on Plaintiff's claims. Here, Plaintiff understood through their conversation with Ms. Vesely that Plaintiff had allegedly received an admonishment and that a "rule" had been enforced on them to not use District computers for personal use. [Doc. 27 ¶¶ 61, 116 and 117]. Plaintiff based their decision to sue the District based on their interactions with Ms. Vesely. Omitting Ms. Vesely was a choice - - not a mistake as to ***identity***. *See*, *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 468 n.1(2000)(" That subsection applies only in cases involving a mistake concerning the identity of the proper party." Fed. Rule Civ. Proc. 15(c)(3)(B). Respondent Adams made no such mistake. It knew of Nelson's role and existence and, until it moved to amend its pleading, chose to assert its claim for costs and fees only against OCP.").

Plaintiff's effort to distinguish *Gage v. Arizona Board of Regents*, 643 F.Supp 3d 1013 (D. Ariz. 2022) is also unavailing. As discussed in the motion, *Gage* involved a plaintiff who filed a claim under the FMLA, but attempted to amend the

complaint to add his supervisor as a defendant after the statute of limitations against the supervisor had run. The court agreed that, even though the supervisor had constructive notice of the original complaint, the plaintiff failed to meet the burden of showing that the supervisor "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity" *Gage*, 643 F.Supp.3d at 1021.

Plaintiff claims Gage should not apply because the Response attempts to explain why Ms. Vesely was not included in the original Complaint. Plaintiff attempts to explain that they "did not include Vesely as a defendant in the original Complaint *because of a mistake in understanding the role Vesely played* in the "conduct, transaction, or occurrence" giving rise to Plaintiff's claims." [Doc. 32 4:20-5:1]. However, this claim cannot be accepted, given the details provided in the original Complaint of Ms. Vesely's role and actions. Here as in *Gage*, given the facts stated in the original Complaint, Plaintiff has not met the burden of showing that Ms. Vesely knew or should have known that the action would have been brought against her, but for a mistake concerning the proper party's identity. *See Gage*, 643 F.Supp.3d at 1021. Because Ms. Vesely did not and could have not known that she should have been named except for a mistake in identity, the Amended Complaint does not relate back to the original Complaint, the Amended Complaint is untimely as to the allegations against Ms. Vesely, and Ms. Vesely must be dismissed as a defendant in this case in its entirety.

II.     **PLAINTIFF'S SECTION 1983 CLAIM AGAINST THE DISTRICT FAILS**

As also discussed in Defendants' motion, Plaintiff's Section 1983 claims against the District - - as an entity - - are legally insufficient. As noted, a public entity's direct liability under Section 1983 can only be premised on one of three theories: (1) that a district employee was acting pursuant to an expressly adopted official policy; (2) that a district employee was acting pursuant to a longstanding practice or custom; or (3) that a district employee was acting as a "final policymaker." *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004). *Ryan v. Mesa Unified Sch. Dist.*, 64 F. Supp. 3d 1356, 1361 (D. Ariz. 2014).

118043551.1

Plaintiff's Amended Complaint does not establish District liability under any of these theories, and the District should be dismissed from Counts 3 and 4 of the Amended Complaint.

        **A.**    **Plaintiff has failed to properly plead a District policy, practice, or custom.**

In order to establish public entity liability for an alleged constitutional violation through a "custom or practice," the action in question must be persistent and widespread enough to constitute a standard operating procedure of the local government entity. *Hollandsworth v. City and County of Honolulu*, 440 F.Supp.3d 1163 (2020); *see also Mitchell v. County of Contra Costa*, 600 F.Supp.3d 1018 (2022). Here Plaintiff fails to establish that there was an "expressly adopted official policy," for any of the actions at issue. Plaintiff asserts in the Amended Complaint that Ms. Vesely was acting pursuant to a longstanding practice or custom. But Plaintiff simultaneously alleges that "[u]pon information and belief, the District and Vesely never enforced the District's prohibition on controversial topics against other employees, only against Plaintiff, on the topic of transgender rights." Plaintiff's Amended Complaint, therefore, establishes that there is no custom or practice to impose a prohibition on controversial topics within the District.

In the Response, Plaintiff attempts to argue that Defendants Hill and Rooks attempt to terminate Plaintiff somehow establishes a widespread District policy, even though Plaintiff acknowledges that these individual board members were informed that the attempt to terminate was against District Policy. Plaintiff cites *Lytle v. Carl*, 382 F.3d 978, 985 (9th Cir. 2004), for the proposition that "[a] general statement by a school board or board of trustees that a [school policymaker] is not authorized to violate the law, without more, cannot be enough to insulate the school district from liability." (Response at 9:1-4) Here, however, neither Defendant Hill nor Defendant Rooks – – as individual board members – – are policymakers. It is undisputed that the Board as a whole makes District policy, and the Board can only act <u>by a majority vote of its members</u>. The advice to Hill and Rooks that they could not terminate Plaintiff was neither a "general statement by a school board or board of trustees" (it was not an act done based on a majority vote of the

7

Board), nor was it a statement to a "school policymaker" (neither Defendant Rooks nor Defendant Hill are policymakers as individual board members). The quote from *Lytle*, cited by Plaintiff, has nothing whatsoever to do with the circumstances of this case.

Plaintiff also claims that the alleged application of the "policy" to Plaintiff was not an isolated incident. (Response at 9:5-12). The Amended Complaint, however, does not allege any other circumstances where Ms. Vesely, or any other District employee, counseled or disciplined Plaintiff for any speech or conduct. There is nothing in the Amended Complaint that could support the conclusion that the District has officially promulgated a widespread policy that would create the basis for District liability. Because the Amended Complaint fails to allege constitutional violations resulting from a widespread District custom, policy or practice, Count 3 and Count 4 of Plaintiff's Amended Complaint must be dismissed as to the District.

**B.      Plaintiff has failed to establish that Vesely's alleged actions were ratified by the board.**

Finally, Plaintiff attempts to preserve the Section 1983 claims against the District as an entity by asserting that the District has somehow ratified Ms. Vesely's alleged unlawful conduct. Plaintiff claims in the Response that the Amended Complaint shows the Superintendent and Board "approved" Ms. Vesely's action. (Response at 11:10-21). The Amended Complaint, however, does not allege facts that are sufficient to show ratification of the alleged unlawful action.

Plaintiff again cites to *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004), to claim that Ms. Vesely allegedly informing the Superintendent and Board of the action can constitute ratification. (Response at 11:10-21). Plaintiff's cite to *Lytle*, however, is misleading. The full citation that is relevant to this matter states:

> To show ratification, a plaintiff must show that the "authorized policymakers approve a subordinate's decision and the basis for it." *Id.* at 1239 (quoting *Praprotnik,* 485 U.S. at 127, 108 S.Ct. 915). <u>The policymaker must have knowledge of the constitutional violation and actually approve of it. A mere</u>

> failure to overrule a subordinate's actions, without more, is insufficient to support a § 1983 claim. *Id.*

*Lytle v. Carl*, 382 F.3d at 987 (Emphasis Added)

As discussed on several occasions, a governing board can only act through a majority vote of its members. *See, Porta House, Inc. v. Scottsdale Auto Lease, Inc.*, 120 Ariz. 115, 119, 584 P.2d 579, 583 (App. 1978). To "approve" Ms. Vesely's actions, the Board would have to vote to grant this approval. There is no allegation in the Amended Complaint that the Board took a legal action that would approve Ms. Vesely's alleged conduct. Indeed, the Amended Complaint does not allege - - at any point - - that the Governing Board or Superintendent "approved" Ms. Vesely's alleged letter of direction. The Response surmises that "one can conclude that Vesely kept the Board and Superintendent apprised of her actions" (Response at 11:18-19), but the actual Amended Complaint does not assert any conduct that could support a conclusion - - under the legal standard - - that the Board or Superintendent ratified Ms. Vesely's alleged conduct. Because Ms. Vesely's alleged conduct was not ratified by District policymakers, the District, as an entity, must be dismissed from Count 3 and Count 4 of Plaintiff's Amended Complaint.

### III. CONCLUSION

For the foregoing reasons, the District requests that Counts 4 and 5 of Plaintiff's Amended Complaint be dismissed as to the District, and that Laura Vesely be dismissed as a defendant from the Amended Complaint in its entirety.

118043551.1

DATED this 31st day of January, 2025.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/ Gordon Lewis
Gordon Lewis
Stephanie D. Baldwin
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendant Peoria Unified
School District and Laura Vesely

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January, 2025, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

Jacqueline Mendez Soto
James E. Barton II
Daniella Fernandez Lertzman
Barton Mendez Soto PLLC
401 W. Baseline Road, Suite 205
Tempe, Arizona 85283
Jacqueline@bartonmendezsoto.com
James@bartonmendezsoto.com
Daniella@bartonmendezsoto.com
Attorneys for Plaintiff

Eli T. Enger
Meghan M. Baka
Udall Shumway
1138 North Alma School Road, Suite 101
Mesa, Arizona 85201
ete@udallshumway.com
mmb@udallshumway.com
docket@udallshumway.com
Attorneys for Defendants Rooks & Hill


/s/ Megan Axlund

10

118043551.1