Jacqueline Mendez Soto, 022597
James E. Barton II, 023888
Daniella Fernandez Lertzman, 037943
**BARTON MENDEZ SOTO PLLC**
401 W. Baseline Road, Suite 205
Tempe, Arizona 85283
480-550-5165
Jacqueline@bartonmendezsoto.com
James@bartonmendezsoto.com
Daniella@bartonmendezsoto.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| River Chunnui, f/k/a Sarah Chunnui, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Peoria Unified School District, a political subdivision of Arizona; Heather Rooks, in her individual and official capacity; Rebecca Hill, in her individual and official capacity; Laura Vesely, in her official capacity;<br><br>Defendants. | Case No.: CV-24-00503-PHX-MTL<br><br>**JOINT PROPOSED CASE MANAGEMENT REPORT**<br><br>(Assigned to Hon. Michael T. Liburdi) |

    Plaintiff, River Chunnui ("Plaintiff"), and Defendants Peoria Unified School District ("PUSD"), Laura Vesely, Heather Rooks, and Rebecca Hill (collectively "Defendants"), by and through their undersigned counsel, met and conferred as required by Federal Rule of Civil Procedure 26(f) and this Court's Order (Doc. 35) directing the

parties to meet and confer for the purpose of developing this Joint Proposed Case Management Report ("Report"). The parties state as follows:

**1.      Parties who attended the Rule 26(f) meeting and assisted in developing the Joint Case management Report:**

On March 5, 2025 counsel for Plaintiff, Jacqueline Mendez Soto, (SBN 022597), counsel for Defendants PUSD and Laura Vesley, Gordon Lewis (SBN 015162), and counsel for Defendants Heather Rooks and Rebecca Hill, Eli Enger (SBN 034242), met and conferred for purposes of developing this Joint Report.

**2.      List of all Parties in the case:**

<u>Plaintiff</u>:        River Chunnui, an individual

<u>Defendant</u>:   Peoria Unified School District, a political subdivision of Arizona

<u>Defendant</u>:   Laura Vesely, in her official capacity

<u>Defendant</u>:   Heather Rooks, in her individual and official capacity

<u>Defendant</u>:   Rebecca Hill, in her individual capacity and official capacity

**3.      Short statement of the nature of the case (no more than three pages), including a description of each claim, defense, and affirmative defense:**

<u>Plaintiff's Statement of Claims</u>:

Plaintiff, a special education teacher at a PUSD school, raises claims for sex discrimination and hostile work environment under Title VII of the Civil Rights Act of 1967 and the Education Amendments of 1971 ("Title IX") (Counts 1 -3); First Amendment violations against the PUSD, Vesely, Hill, and Rooks (Counts 4 -5)[1]; and

---

[1] Count 4 is against all Defendants and Count 5 is against PUSD and Vesely.

false light invasion of privacy and intentional infliction of emotional distress against Hill and Rooks (Counts 7-8). Plaintiff's claims arise from Defendants' actions against Plaintiff after Plaintiff sent an email to coworkers advocating for transgender rights, which Plaintiff asserts is free speech under the First Amendment.

Plaintiff had been an employee of the PUSD without incident since July 2018. After Plaintiff sent the email, Defendants PUSD and Vesely retaliated and punished Plaintiff by enforcing a District policy or practice of prohibiting controversial speech without prior administrative approval against Plaintiff in a discriminatory manner. Hill and Rooks launched a smear campaign against Plaintiff, where they disparaged Plaintiff and encouraged others to do the same. Due to this instigation, Plaintiff experienced harassment at work, of which they complained, but PUSD failed to take any remedial action.

As members of the PUSD governing board, Rooks and Hill attempted but failed to terminate Plaintiff's employment. In the process, they made further false and disparaging comments about Plaintiff. Plaintiff brings their First Amended Complaint to remedy the discrimination, vindicate free speech rights, and recover from the damages caused by Hill and Rooks tortuous actions.

<u>Defendants' Peoria Unified School District and Laura Vesley's Statement of Defenses and Affirmative Defenses:</u>

River Chunnui, the Plaintiff in this matter, alleges that they sent an email to the staff at their assigned school regarding "International Transgender Day of Visibility," and the District subsequently placed Plaintiff on paid administrative leave to investigate the

communication. After completing the investigation. the District informed Plaintiff that its investigation had concluded, that Plaintiff had not violated laws or District policy, and that Plaintiff should refrain from using the District's computer for personal use.

On March 9, 2023, the renewal of Plaintiff's contract was on the District's Governing Board's agenda for approval, as part of a list of teacher contracts to be renewed for the upcoming school year. While some Board members opposed the renewal of Plaintiff's cotract, the contract was renewed.

Plaintiff's Amended Complaint claims that the District created a hostile work environment in violation of Title VII and Title IX, and that the District and Laura Vesely, the District's Human Resources Manager, violated Section 1983. Plaintiff, however, cannot show that the District had a policy custom or practice that caused a constitutional depravation, and Plaintiff's claims against Ms. Vesely are untimely. Ms. Vesely is also entitled to qualified immunity on Plaintiff's Section 1983 claim. Plaintiff's Title VII claims are untimely as to several alleged matters, and Plaintiff cannot show that they were subject to severe and pervasive conduct that the District failed to address. Plaintiff certainly cannot show that the District was deliberately indifferent to Plaintiff's work circumstances. Plaintiff's claims against the District and Ms. Vesely are without merit.

<u>Defendants' Rooks and Hill Statement of Defenses and Affirmative Defenses:</u>

River Chunnui alleges, generally, that Rooks and/or Hill: (1) shaped a newspaper publication that plaintiff "grooms" children; (2) publically referred to plaintiff as a "groomer"; (3) made certain social media posts about plaintiff; (4) hosted a "prayer vigil"

1  to pray against plaintiff; (5) called on others to voice their opinions regarding plaintiff;
2  and (6) made comments about Plaintiff at a March 9, 2023 governing board meeting.
3        Plaintiff alleges that Rooks and Hill engaged in First Amendment Retaliation
4  through their conduct at a March 9, 2023 Governing Board meeting. Rooks and Hill deny
5  the alleged conduct giving rise to the § 1983 claim. Nevertheless, Rooks and Hill are
6  entitled to qualified immunity with respect to the § 1983 claim. With respect to the False
7  Light Invasion of Privacy Claim, Rooks and Hill affirmatively allege that the claim is
8  barred by the statute of limitations. Finally, Rooks and Hill deny that Plaintiff can satisfy
9  each element of each claim brought against them and that such claims are without merit.
10 Rooks and Hill also incorporate, by this explicit reference, the affirmative defenses and
11 reservation identified in their Answer to the First Amended Complaint.
12 **4.   Description of the principal factual and legal disputes in the case:**
13       Principal factual and legal disputes include:
14       (a)   Whether Plaintiff's First Amended Complaint timely and
15 substantively add Laura Vesely as an additional defendant;
16       (b)   Whether PUSD engaged in discrimination or created a hostile work
17 environment in violation of Title VII and Title IX;
18       (c)   Whether Plaintiff engaged in protected speech;
19       (d)   Whether the PUSD maintained a policy or practice prohibiting
20 controversial speech and, if so, whether it was applied unlawfully against Plaintiff to
21 support liability against PUSD on Plaintiff's First Amendment claims;

  (e)  Whether the PUSD ratified Vesely's actions against Plaintiff to support liability against PUSD on Plaintiff's First Amendment claims;

  (f)  Whether Hill and Rooks retaliated against Plaintiff, including whether Plaintiff suffered an adverse employment action, for their attempts to not renew Plaintiff's employment contract; and

  (g)  Whether any individually named defendants has qualified immunity.

**5.** **Jurisdictional basis for the case, citing specific jurisdictional statutes:**

The Court has subject matter jurisdiction because Plaintiff's claims arise under federal law 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims because they form the same case or controversy as the federal law claims pursuant to 28 U.S.C. § 1367.

**6.** **Parties that have not been served and an explanation of why they have not been served, and parties that have been served but have not answered or otherwise appeared:**

All Defendants have been served. All parties have appeared.

**7.** **Statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings:**

The Parties do not expect to add additional parties. Plaintiff does not intend to amend the First Amended Complaint.

**8.** **Contemplated motions and a statement of the issues to be decided by those motions:**

Defendants anticipate filing motions for summary judgement following the close of discovery.

9. **Settlement prospects and potential methods to conduct settlement:**

   a. <u>Suitable for reference to a United States Magistrate Judge for settlement conference:</u>

   The Parties agree that the case is suitable for referral to a United States Magistrate Judge for the purpose of holding a settlement conference.

   b. <u>Any other request of the Court for assistance in settlement efforts:</u>

   The Parties have no other request for the Court.

10. **Whether any aspect of the case is suitable for reference to a special master or a United States magistrate Judge:**

    The Parties agree that no aspect of the case suitable for referral to a special master or a United States Magistrate Judge.

11. **Status of any related cases pending before this or other courts.**

    There are no related cases pending.

12. **Discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information ("ESI"), including the parties' preservation of ESI and the form or forms in which it will be produced.**

    The Parties do not foresee issues related to the preservation, disclosure, or discovery of electronically stored information. Electronically stored information shall be produced electronically, in its original form that it is ordinarily maintained, such as, for example, .doc, .docx, .xls, and .pdf files. Electronic communications (e-mails) should be produced in searchable .pdf format.

13. **Issues relating to claims of privilege or work product.**

The Parties do not have any issues related to privilege or work product pertaining to their disclosure obligations. To the extent either party claims privilege or work product, the parties agree to provide privilege logs identifying the document, its author, general subject, recipients, and grounds for work-product protection or other privilege so that the receiving party has sufficient information to, if appropriate, challenge the assertion. The parties further agree that such logs be produced simultaneously with the records disclosed therein or with responses to discovery, as appropriate.

**14.    Necessary discovery within the scope of Rule 26(b)(1):**

   a.     <u>The extent, nature, and location of discovery and why it is proportional the needs of the case</u>:

The anticipated discovery is within the possession and control of the Parties. The Parties anticipate discovery in this case will be comprised of documents and witnesses located in Maricopa County, Arizona. The Parties have the ability of exchanging written information in electronic form. Discovery will be accomplished by deposition, interrogatories, and production of documents, including ESI. Documents and other information are expected to include personnel records, electronic communications, social media and other electronic accounts, videos, and policies and procedures, among other relevant documents

   b.     <u>The scope of discovery and whether discovery should be conducted in phases or should be limited to focus on particular issues</u>:

Discovery shall extend to documents and information that is in the official and personal possession of Defendants, including information in personal and official social

media and other electronic accounts, such as business and personal email and text messages. Phased discovery is not necessary.

  **c.**  <u>Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure</u>**:**

The Parties consent to service of documents via electronic disclosure and in digital format.

  **d.**  <u>Hours for each deposition</u>:

Depositions are not expected to take longer than seven hours per deponent. Plaintiff anticipates the need for three to four depositions. Defendants anticipate taking Plaintiff's deposition. All depositions are to take place either in the greater Phoenix area or by videoconferencing.

**15.** **Proposed deadlines:**

  **a.** <u>Amending Pleadings:</u> **May 30, 2025**

  **b.** <u>Joint Stipulated Protective Order:</u> **May 30, 2025**

  **c.** <u>Fact Discovery</u>**:** Fact discovery, including pretrial disclosures, shall be completed by **January 9, 2026**.

  **d.** <u>Expert Disclosures and Rebuttals</u>**:** Plaintiff shall provide full and complete expert disclosures by **October 10, 2025**. Defendant shall provide full and complete expert disclosures by **November 14, 2025**. Rebuttals thereto shall be by **December 12, 2025**.

  **e.** <u>Case-specific Deadlines:</u> . The parties shall file dispositive motions by **February 13, 2026.**

   **f.**  <u>Good Faith Settlement Talks</u>: The parties shall engage in face-to-face good faith settlement talks by **January 16, 2026**.

   **g.**  <u>Joint Mediation Plan</u>: **September 18, 2025**.

**16.** **Request for jury trial:**

A jury trial has been properly requested.

**17.** **Estimated length of trial:**

The Parties anticipate five judicial days for trial.

**18.** **Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by the Federal Rule of Civil Procedure 1:**

None.

RESPECTFULLY SUBMITTED this 14th day of March 2025.

       **BARTON MENDEZ SOTO PLLC**

       **By**: _/s/ Jacqueline Mendez Soto_
       Jacqueline Mendez Soto
       James E. Barton II
       Daniella Fernandez Lertzman
       *Attorneys for Plaintiff*

       **JONES, SKELTON & HOCHULI, P.L.C.**

       **By**:/s/Gordon Lewis (*with permission*)
       Gordon Lewis
       Stephanie D. Baldwin
       *Attorneys for Defendant Peoria Unified School District and Laura Vesely*

**UDALL SHUMWAY**

By: /s/ Eli T. Enger *(with permission)*
Eli T. Enger
Meghan M. Baka
*Attorneys for Defendant Rooks & Hill*

**Notice of Electronic Filing and Certificate of Service**

I certify that I electronically filed the foregoing with the Clerk of the Court on March 14th, 2025, for filing and uploading to the CM/ECF system which will send notification of such filing to the following parties:

Gordon Lewis
Stephanie D. Baldwin
JONES, SKELTON, HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
GLewis@jshfirm.com
sbladwin@jshfirm.com
*Attorneys for Defendant Peoria Unified School District and Laura Vesely*

Eli T. Enger
Meghan M. Baka
UDALL SHUMWAY
1138 N. Alma School Road, Suite 101
Mesa, Arizona 85201
ete@udallshumway.com
mmb@udallshumway.com
docket@udallshumway.com
*Attorneys for Defendants Rooks and Hill*

/s/ Rosa Torres