**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| River Chunnui, | No. CV-24-00503-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Peoria Unified School District, et al., | |
| Defendants. | |

Before the Court is Defendants Peoria Unified School District (the "District") and Laura Vesely's (collectively, "Defendants") Motion for Partial Dismissal of Plaintiff River Chunnui's First Amended Complaint ("FAC"). (Doc. 30.) The Motion is fully briefed. (Docs. 30, 32, 36.) For the reasons explained below, the Court will grant the Motion in part and deny it in part.[1]

**I.    BACKGROUND**

The Court previously stated the facts, as alleged by Chunnui, in its prior order dismissing Chunnui's original Complaint, and thus does not fully repeat them here. (*See* Doc. 24 at 1-3.) The below summary is taken from the allegations in the FAC, which are presumed to be true for the purposes of assessing the pending motion. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

**A.    Factual Background**

On March 31, 2022, Chunnui sent an email, using the District's email system

---

[1] Stephen Pearson, a law student at the Sandra Day O'Connor College of Law at Arizona State University, assisted in drafting this Order.

informing all fellow employees of Desert Harbor Elementary School about International Transgender Day of Visibility. (Doc. 27 ¶ 13.) On April 11, 2022, Chunnui was placed on administrative leave while the District investigated "two instances of alleged unprofessional conduct." (*Id.* ¶¶ 21-23.)

This investigation lasted until June 21, 2022, when Vesely, the District's chief personnel officer, notified Chunnui that the investigation concluded and that Chunnui was permitted to resume work when the new school year started on or about July 1, 2022. (*Id.* ¶¶ 21, 36.) That same day, Vesely stated her intent to issue a "memorandum of direction" to Chunnui due to Chunnui's alleged violation of District "best practice." (*Id.* ¶ 38; *see also id.* ¶ 147.) Vesely set forward the District's practice of prohibiting staff from promoting and sharing personal beliefs and from speaking on controversial topics. (*Id.* ¶ 39; *see also id.* ¶¶ 113, 142.) Vesely added that before staff members spoke regarding a controversial topic, District best practice required them to notify the school administrator of their intent and "allow the school administrator to process the communication." (*Id.* ¶ 40.) According to Chunnui, Vesely stated that Chunnui's beliefs on transgender rights, use of gender-neutral pronouns, and use of a gender-neutral name constituted a controversial topic and therefore required notification and cooperation with the school administrator before they shared or promoted their beliefs. (*See id.* ¶¶ 41-42.) Vesely ordered Chunnui to refrain from using District equipment to express personal beliefs, warned Chunnui that continuing to violate District best practices would result in disciplinary action, and committed to a follow-up "with further direction after conferring with the governing board." (*Id.* ¶¶ 43-45, 122.) Chunnui never received a copy of the memorandum of direction from Vesely, and no follow-up ever occurred. (*Id.* ¶ 46.)

Furthermore, Chunnui alleges they are not the only staff member to have used District equipment and email accounts to send personal messages: for example, one staff member promoted the celebration of National Pet Day using District equipment and a District email account. (*Id.* ¶¶ 72, 153-54.) Chunnui asserts the District has singled them out in restricting the sharing of personal beliefs. (*Id.* ¶¶ 70, 72-3, 152-54.) Specifically, the

District has not investigated staff and Board members who opposed Chunnui's statements on transgender matters, and the District has not enforced the practice against others for expression regarding other controversial topics. (*Id.* ¶¶ 150-52.)

### B. Procedural History

Chunnui filed the original complaint ("OC") with this Court on March 8, 2024. (Doc. 1.) On June 17, 2024, Defendants Heather Rooks and Rebecca Hill as well as Defendant Peoria Unified School District filed motions to dismiss specific claims. (Docs. 12, 13.) After oral argument on November 20, 2024, the Court granted the motions in part and denied them in part, and gave Chunnui leave to file an amended complaint. (Doc. 24.) Chunnui filed the First Amended Complaint on December 21, 2024, adding Vesely as a defendant. (Doc. 27.) Defendants Laura Vesely and Peoria Unified School District filed the pending motion for partial dismissal. (Doc. 30.) Chunnui filed a response to the motion (Doc. 32), and Defendants filed their reply (Doc. 36).

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A court may dismiss a complaint "if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotations and citation omitted).

A complaint must assert sufficient factual allegations that, when taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). Plausibility is more than mere possibility; a plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When analyzing the sufficiency of a complaint, the well-pled factual allegations "are taken as true and construed in the light most favorable to the [plaintiff]." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (internal quotations and citation

omitted).

## III.   DISCUSSION

Defendants request that Laura Vesely be dismissed from the FAC in its entirety and that Counts 4 and 5 be dismissed for failing to state a claim for relief. (Doc. 30 at 10.) The Court addresses each argument in turn.

### A.   Claims Against Laura Vesely

#### 1.   Statute of Limitations

Chunnui added Vesely as a defendant when filing the FAC on December 21, 2024. (Doc. 27.) Vesely's actions giving rise to Chunnui's claims against her occurred on or before June 21, 2022. (*See id.* ¶¶ 36-46.) Chunnui's claims against Vesely are made under 42 U.S.C. § 1983. (*Id.* ¶¶ 109-161.) In *Wilson v. Garcia*, the Supreme Court of the United States ruled that the statute of limitations for § 1983 claims is the statute of limitations for personal injury claims in the forum state. *See* 471 U.S. 261, 274-76 (1985); *McKee v. Peoria Unified Sch. Dist.*, 963 F. Supp. 2d 911, 922 (D. Ariz. 2013). In Arizona, that statute of limitations is two years. *McKee*, 963 F. Supp. 2d at 922; A.R.S. § 12-542. Therefore, because Chunnui's claims against Vesely were filed after the statute of limitations had run, they are untimely. In the Response to the Motion to Dismiss, Chunnui concedes this point, stating that "[f]or Vesely's addition [as a defendant] to be timely, the claims against her must relate back [to the OC] pursuant to the terms of Fed. R. Civ. P. 15(c)(1)(C)." (Doc. 32 at 7.) Therefore, whether Vesely may be added as a defendant depends on whether so adding her relates back to the OC pursuant to Fed. R. Civ. P. 15(c).

#### 2.   Relating Back

Chunnui argues that amending the complaint to add Vesely as a defendant relates back to the OC under Fed. R. Civ. P. 15(c). (Doc. 32 at 3-7.) For an amendment that "changes the party or the naming of the party against whom a claim is asserted," three requirements must be satisfied. Fed. R. Civ. P. 15(c)(1)(C). First, the claim against the newly added party must arise out of the same "conduct, transaction, or occurrence" alleged in the OC. *Id.* at 15(c)(1)(B), 15(c)(1)(C). Second, the newly added defendant must have

"received such notice of the action that it will not be prejudiced in defending on the merits." *Id.* at 15(c)(1)(C)(i). Third, the newly added defendant must have "[known] or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *Id.* at 15(c)(1)(C)(ii). The proposed defendant must have known this "within the relevant statute of limitations period." *Kilkenny v. Arco Marine, Inc.*, 800 F.2d 853, 857 (9th Cir. 1986).

The parties do not dispute the first two elements are satisfied. (Doc. 30 at 4-5; Doc. 32 at 6.) At issue here is whether Vesely "knew or should have known that the action would have been brought against [her], but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii); (Doc. 30 at 5); (Doc. 32 at 6)*.* In answering this question, courts consider "what the prospective *defendant* knew or should have known during the [relevant] period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010); *Kilkenny*, 800 F.2d at 857; *Gage v. Ariz. Bd. of Regents*, 643 F. Supp. 3d 1013, 1021 (D. Ariz. 2022). A plaintiff's "[k]nowledge of a party's existence" and subsequent omission of that party as a defendant does not necessarily indicate that the plaintiff did not make a mistake under Rule 15(c)(1)(C)(ii). *Krupski*, 560 U.S. at 548-9; *see also Myers v. Checksmart Fin., LLC*, 701 F. App'x 588, 589 (9th Cir. 2017). A plaintiff may know that a party exists and yet "misunderstand[]" the role the party played in the occurrences giving rise to the plaintiff's claim, causing the plaintiff to omit that party as a defendant. *See Krupski*, 560 U.S. at 549. In such a case, the plaintiff may have made a mistake under Rule 15(c)(1)(C)(ii), despite knowledge of the potential defendant's existence. *See id.* at 549-550 (permitting relation back where the plaintiff misunderstood "a crucial fact about [the prospective defendant's] identity").

The Court finds that Chunnui made no such mistake as to the proper party's identity. Chunnui mentions Vesely several times in the OC. (Doc. 1 ¶¶ 20, 22, 35-36, 61.) In the OC, Vesely is alleged to be a representative of the District. (*See id.*) Specifically, Chunnui alleges that Vesely is the District's human resources officer and that Vesely

"admonish[ed]" Chunnui with regard to use of the District's technology equipment for personal emails. (*See id.* ¶¶ 20, 61.)

In the FAC, Chunnui alleges more extensive personal interactions with Vesely while acting in her official capacity, on which Chunnui bases the claims against Vesely. (*See, e.g.*, Doc. 27 ¶¶ 21-23, 36, 38-45.) All these interactions were known to Chunnui at the time of filing of the OC since Chunnui was personally involved in those interactions. (*See id.*)

Chunnui's argument relies heavily on *Krupski*. (*See* Doc. 32 at 3-6.) In *Krupski*, plaintiff named Costa Cruise Lines as the defendant, alleging that Costa Cruise Lines "owned, operated, managed, supervised and controlled the ship on which she was injured." *See* 560 U.S. at 554 (internal quotations omitted). In reality, a related corporate entity by the name of Costa Crociere performed those functions. *Id.* at 554-56. The Court held that the plaintiff clearly intended to sue the manager of the ship and merely made a mistake, a fact that Costa Crociere should have realized, especially given the similarity of the two organizations' names. *Id.* at 554-57. Here, however, Chunnui knew exactly who Vesely was and exactly what Vesely did due to their professional relationship and shared personal interactions. There was no mere accidental misnaming as was the case in *Krupski*.

Instead, this case is more analogous to the facts in *Kilkenny*. There, a worker died from injuries sustained while performing maintenance on the supertanker *Arco Alaska*. 800 F.2d at 854. The personal representative of the decedent's estate sued Atlantic Richfield Company for damages. *Id.* at 854-55. Atlantic Richfield promptly informed the plaintiff that the *Arco Alaska* was owned by Arch Tankers, Inc. and operated by Arco Marine, Inc. *Id.* at 855, 857. The plaintiff did not amend her complaint before the statute of limitations had run, even after being informed as to her mistake. *Id.* at 857. The court held that because she did not amend her complaint even after being so informed, the prospective defendants "cannot be found to have known . . . that they were not named as defendants in the initial complaint due to mistake." *Id.*

In the instant case, Chunnui knew Vesely and what Vesely did from the onset of the

case and yet chose not to add her as a defendant in the initial complaint. Therefore, as in *Kilkenny*, Vesely cannot be found to have known that she should have been named but was omitted due to mistake.

Chunnui argues that in filing the initial pleading, prior counsel was mistaken as to Vesely's role, and such a mistake qualifies for relation back under Rule 15(c). (Doc. 32 at 5.) The Court disagrees. Rule 15(c)(1)(C)(ii) examines what the plaintiff and prospective defendant knew, not what the plaintiff's counsel knew. *See Krupski*, 560 U.S. at 548. Here, Chunnui and Vesely were each aware of their shared personal interactions giving rise to this action. And yet, Vesely was not named as a defendant in the OC. Whether or not Chunnui's former counsel was mistaken is inapposite. And in any case, the OC shows that Chunnui's former counsel was still sufficiently aware of Vesely's existence and role to prohibit relation back under Rule 15(c). (Doc. 1 ¶¶ 20, 22, 35-36, 61.)

Rule 15(c) was intended to give a plaintiff leeway for mistakes regarding identity, not to be a blanket safety net for "a plaintiff who ignores or fails to respond in a reasonable fashion to notice of a potential party." *Kilkenny*, 800 F.2d at 857-58. And "[a] prospective defendant who legitimately believe[s] that the limitations period ha[s] passed without any attempt to sue him has a strong interest in repose." *Krupski*, 560 U.S. at 550. Chunnui knew of Vesely's role in the events giving rise to this case, and nonetheless chose not to include her as a defendant.

Accordingly, the Court will dismiss Laura Vesely as a defendant from the FAC in its entirety.

**B.     Counts 4 and 5 Against the District**

Chunnui asserts claims under 42 U.S.C. § 1983 against the District for unlawful retaliation and viewpoint discrimination. (Doc. 27 ¶¶ 109-61.) In its Motion to Dismiss (Doc. 30), the District argues that Chunnui has failed to allege a District "policy, practice, or custom" that would render it liable under § 1983 (*Id.* at 7-10). It seeks to dismiss these § 1983 claims based on this failure.

Under *Monell v. Department of Social Services of the City of New York*, a local

- 7 -

government entity may not be sued for injuries inflicted by its employees or agents unless such injuries were inflicted in the execution of an entity policy, practice, or custom. 436 U.S. 658, 694 (1978); *see also Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004); *Perryman v. City of Pittsburg*, 545 F. Supp. 3d 796, 799-800 (N. D. Cal. 2021). This scheme "imposes liability on a government that, under color of some official policy, 'causes' an employee to violate another's constitutional rights." *Monell*, 436 U.S. at 692. A plaintiff may establish liability under *Monell* by showing any one of the following: "(1) that a district employee was acting pursuant to an expressly adopted official policy; (2) that a district employee was acting pursuant to a longstanding practice or custom; or (3) that a district employee was acting as a 'final policymaker.'" *Lytle*, 382 F.3d at 982 (quoting *Webb v. Sloan*, 330 F.3d 1158, 1164 (9th Cir. 2003)).

Chunnui correctly notes that the plausibility standard articulated in *Twombly* applies here. (*See* Doc. 32 at 8.) At the pleading stage of litigation, the plaintiff must allege "'enough fact to raise a reasonable expectation that discovery will reveal evidence' to support the allegations." *Starr v. Baca*, 652 F.3d 1202, 1217 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556). Importantly, there is no requirement that the allegations be probable at this stage. *Id.*

The District argues that Chunnui has not adequately pled the existence of a policy, practice, or custom. (Doc. 30 at 7-8.) The Court disagrees. Chunnui alleges that when Vesely admonished Chunnui for speaking on controversial topics and ordered Chunnui not to use the District's technology in so speaking, she cited the District's "best practice." (Doc. 27 ¶¶ 38-41.) Chunnui further alleges that "Vesely stated that the District's practice prohibits staff from promoting or sharing their beliefs and from speaking on controversial topics." (*Id.* ¶ 39.) Based on the facts alleged in the FAC, Chunnui states that the District does indeed maintain such a policy (*see id.* ¶ 113) and that the policy served as the basis for Vesely's actions regarding both unlawful retaliation and viewpoint discrimination against Chunnui (*see id.* ¶¶ 113-19; 142-149).

The Court concludes that the FAC alleges "enough fact to raise a reasonable

expectation" that evidence of the alleged official District policy may come to light during discovery. *Starr*, 652 F.3d at 1217 (citation omitted). As such, Chunnui has pled sufficient facts to support a claim for *Monell* liability against the District as to Counts 4 and 5.[2]

The Court will therefore deny Defendants' motion to dismiss Counts 4 and 5 as to the District.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 30) is **granted in part and denied in part** as stated herein. Laura Vesely is dismissed as a defendant from the First Amended Complaint in its entirety.

**IT IS FURTHER ORDERED** denying the Motion in all other respects and directing Defendant Peoria to file a responsive pleading to the First Amended Complaint (Doc. 27) within fourteen days from the date of this Order.

Dated this 9th day of April, 2025.

Michael T. Liburdi
United States District Judge

---

[2] Because Chunnui sufficiently alleges they were harmed by a District policy, the Court need not analyze whether the District ratified Vesely's, Rooks', and Hill's actions nor whether the District maintained a longstanding discriminatory or retaliatory practice or custom.