Gordon Lewis, Bar #015162
Stephanie D. Baldwin, Bar #036897
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-4479
Fax: (602) 200-7897
glewis@jshfirm.com
sbaldwin@jshfirm.com

Attorneys for Defendant Peoria Unified
School District

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| River Chunnui f/k/a Sarah Chunnui, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Peoria Unified School District, a political subdivision of Arizona; Heather Rooks, in her individual and official capacity; Rebecca Hill, in her individual and official capacity; Laura Vesely, in her official capacity;,<br><br>Defendants. | No. 2:24-cv-00503-MTL<br><br>**DEFENDANT PEORIA UNIFIED SCHOOL DISTRICT'S ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant Peoria Unified School District[1] ("the District"), by and through undersigned counsel, for its Answer to Plaintiff's First Amended Complaint, admits, denies, and alleges as follows:

1. The District denies each and every allegation not specifically admitted in this Answer.

2. Answering Paragraph 1 of Plaintiff's First Amended Complaint, the District admits only that Plaintiff spoke at the July 13, 2023, District Board Meeting. The District is without knowledge or information sufficient to form a belief as to the truth of

---

[1] All claims against Laura Vesely have been dismissed. [*See* Doc. 41]

117900917.1

the remaining allegations in Paragraph 1 of Plaintiff's First Amended Complaint, and therefore denies the same and demands strict proof thereof.

3. Answering Paragraph 2 of Plaintiff's First Amended Complaint, the District admits only that Plaintiff was employed as a special education teacher within the District. The District is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of Plaintiff's First Amended Complaint, and therefore denies the same and demands strict proof thereof.

## JURISDICTION AND VENUE

4. Answering Paragraphs 3 and 4 of Plaintiff's First Amended Complaint, the District admits only that Jurisdiction and Venue are proper in this Court.

## PARTIES

5. Answering Paragraph 5 of Plaintiff's First Amended Complaint, the District admits only that the Plaintiff works for the District and identifies as transgender. The District is without knowledge or information sufficient to form belief as to the truth of remaining the allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint, and therefore denies the same and demands strict proof thereof.

6. The District admits the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint.

7. Answering Paragraph 7 of Plaintiff's First Amended Complaint, the District admits only that Defendant Heather Rooks was at all material times a member of the District's Governing Board. The District is without knowledge or information sufficient to form belief as to the truth of the allegation contained in Paragraph 7 of Plaintiff's First Amended Complaint, and therefore denies the same and demands strict proof thereof.

8. Answering Paragraph 8 of Plaintiff's First Amended Complaint, the District admits only that, Defendant Rebecca Hill was at all material times a member of the District's Governing Board. The District is without knowledge or information sufficient

117900917.1

to form belief as to the truth of the allegation contained in Paragraph 8 of Plaintiff's First Amended Complaint, and therefore denies the same and demands strict proof thereof.

9. Answering Paragraph 9 of Plaintiff's First Amended Complaint, the District admits only that Laura Vesely was at all material times the District's Chief Personnel Officer. All claims against Ms. Vesely have been dismissed [*See* Doc. 41]. The District denies the remaining allegations contained in Paragraphs 9 of Plaintiff's First Amended Complaint.

## ALLEGATIONS

### Brief Background

10. Answering Paragraphs 10 and 11 of Plaintiff's First Amended Complaint, the District admits only that Plaintiff has been teaching for the District since 2018, and currently is a special education teacher to fourth and fifth graders at the District's Desert Harbor Elementary School ("Desert Harbor"). The District is without knowledge or information sufficient to form belief as to the truth of the remaining allegations contained in Paragraph 10 and 11 of Plaintiff's First Amended Complaint, and therefore denies the same and demands strict proof thereof.

11. The District denies the allegation contained in Paragraph 12 of Plaintiff's First Amended Complaint.

### March 31, 2022, Email and Ensuing Attacks

12. Answering Paragraph 13 of Plaintiff's First Amended Complaint, the District admits Plaintiff sent the March 31, 2022, email.

13. The District denies the allegation contained in Paragraph 14 of Plaintiff's First Amended Complaint.

14. The District is without knowledge or information sufficient to form belief as to the truth of the allegation contained in Paragraphs 15, 16, 17, 18, 19, and 20 of Plaintiff's First Amended Complaint, and therefore denies the same and demands strict proof thereof.

3

117900917.1

15. Answering Paragraph 21 of Plaintiff's First Amended Complaint, the District admits only that Ms. Vesely informed Plaintiff that she was being placed on administrative leave.

16. The District denies the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint.

17. Answering Paragraph 23 of Plaintiff's First Amended Complaint, the District admits only that Ms. Vesely interviewed Plaintiff and other individuals in the course of the investigation. The District denies the remaining allegations in Paragraph 23 of Plaintiff's First Amended Complaint.

18. Answering Paragraphs, 24, 25, 26, 27, 27, 29, and 30 of Plaintiff's First Amended Complaint, The District admits only that Hill was a board members during relevant times in this matter, and that Rooks was not a governing board member at the time of the March 31, 2022, email. The District further admits that Rooks was elected to the Governing Board on November 8, 2022. The District is without knowledge or information sufficient to form belief as to the truth of the remaining allegations contained in Paragraphs 24 , 25, 26, 27, 28, 29 and 30 of Plaintiff's First Amended Complaint, and therefore denies the same and demands strict proof thereof.

19. Answering Paragraph 31 of Plaintiff's First Amended Complaint, the District admits only that Jarrett Haskovec sent a letter to a lawyer who has represented the District's Governing Board, dated April 14, 2022, that addressed issues with the Plaintiff. The District is without knowledge or information sufficient to form belief as to the truth of the remaining allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint, and therefore denies the same and demands strict proof thereof.

20. The District is without knowledge or information sufficient to form belief as to the truth of the allegations contained Answering Paragraphs 32, 33, 34, and 35 of Plaintiff's First Amended Complaint, and therefore denies the same and demands strict proof thereof.

117900917.1

21. The District admits the allegation contained in Paragraph 36 of Plaintiff's First Amended Complaint.

22. The District denies the allegations in Paragraphs 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, and 47 of Plaintiff's First Amended Complaint.

23. The District is without knowledge or information sufficient to form belief as to the truth of the allegations contained in Paragraphs 48 and 49 of Plaintiff's First Amended Complaint, and therefore denies the same and demands strict proof thereof.

<u>March 9, 2023, Boad Meeting</u>

24. The District denies the allegations in Paragraph 50 of Plaintiff's First Amended Complaint.

25. The District admits the allegations in Paragraph 51 of Plaintiff's First Amended Complaint.

26. Answering Paragraphs 52 and 53 of Plaintiff's First Amended Complaint, the District is without knowledge or information sufficient to form belief as to the truth of the allegations and therefore denies the same and demands strict proof thereof.

27. Answering Paragraphs 54, 55, and 56 of Plaintiff's First Amended Complaint, the District admits only that Hill made a motion to remove Plaintiff's name from the contract renewal list, after Vesely and the Superintendent advised the board members about proper due process. The District is without knowledge or information sufficient to form belief as to the truth of the allegations in Paragraphs 54, 55, and 56 and therefore denies the same and demands strict proof thereof.

28. The District admits the allegations in Paragraph 57 of Plaintiff's First Amended Complaint.

29. The District is without knowledge or information sufficient to form belief as to the truth of the allegations contained in Paragraph 58 of Plaintiff's First Amended Complaint, and therefore denies the same and demands strict proof thereof

30. Answering Paragraph 59 of Plaintiff's First Amended Complaint, the District admits only that during the March 9 board meeting, the board president,

117900917.1

superintendent, and Vesely reminded the board members that Arizona law and District policy prevented the Board from not renewing Plaintiff's teaching contract in the manner in which Hill and Rooks proposed. The District is without knowledge or information sufficient to form belief as to the truth of the remaining allegations contained in Paragraph 59 of Plaintiff's First Amended Complaint, and therefore denies the same and demands strict proof thereof.

31. The District denies the allegations in Paragraph 60 of Plaintiff's First Amended Complaint.

Continuing Attacks

32. The District denies the allegations in Paragraph 61 of Plaintiff's First Amended Complaint.

33. The District is without knowledge or information sufficient to form belief as to the truth of the allegations contained in Paragraphs 62, 63, 64, 65, and 66 of Plaintiff's First Amended Complaint, and therefore denies the same and demands strict proof thereof.

34. The District denies the allegations in Paragraph 67 of Plaintiff's First Amended Complaint.

35. In answering Paragraph 68 of Plaintiff's First Amended Complaint, the District denies issuing a memorandum of direction. The District is without knowledge or information sufficient to form belief as to the truth of the allegations and therefore denies the same and demands strict proof thereof.

Disparate Treatment

36. The District denies the allegations in Paragraphs 69, 70, and 71 of Plaintiff's First Amended Complaint.

37. In answering Paragraph 72 of Plaintiff's First Amended Complaint, the District admits only that an email regarding National Pet Day was sent to staff to request participation. The District is without knowledge or information sufficient to form

117900917.1

belief as to the truth of the allegations and therefore denies the same and demands strict proof thereof.

38. The District is without knowledge or information sufficient to form belief as to the truth of the allegations contained in Paragraph 73 of Plaintiff's First Amended Complaint and therefore denies the same and demands strict proof thereof.

## Administrative Remedies

39. Answering Paragraph 74 of Plaintiff's First Amended Complaint, the District admits only that Plaintiff filed an EEOC Charge. The District is without knowledge or information sufficient to form belief as to the truth of the remaining allegations contained in Paragraph 74 of Plaintiff's First Amended Complaint, and therefore denies the same and demands strict proof thereof.

## CLAIMS

### Count 1
### Disparate treatment because of sex in violation of the Civil Rights Act of 1967 (Title VII), 42 U.S.C. § 2000e-2(a)
### Against the District

40. Answering Paragraph 75 of Plaintiff's First Amended Complaint, the District incorporates its answers to Paragraphs 1-74 of Plaintiff's First Amended Complaint as though fully set forth herein.

41. Answering Paragraph 76 and 77 of Plaintiff's First Amended Complaint, the District admits only that 42 U.S.C. § 2000e-2(a) prohibits discrimination on the basis of sex.

42. In Answering Paragraph 78, admit that Plaintiff identifies as transgender. The District also admits that Plaintiff belongs to a protected class.

43. The District denies the statement in Paragraphs 79, 80, 81, 82, 83, 84, and 85 of Plaintiff's First Amended Complaint.

//
//

7

117900917.1

**Count 2**
**Hostile Work Environment in violation of**
**The Civil Rights Act of 1967, 42 U.S.C. § 2000e-2(a)**
**Against the District**

44. Answering Paragraph 86 of Plaintiff's First Amended Complaint, the District incorporates its answers to Paragraphs 1-85 of Plaintiff's First Amended Complaint as though fully set forth herein.

45. Answering Paragraph 87 and 88 of Plaintiff's First Amended Complaint, the District admits only that 42 U.S.C. § 2000e-2(a) prohibits a hostile work environment on the basis of sex.

46. The District denies the statement in Paragraphs 89, 90, 91, 92, 93, 94, 95, 96, 97, and 98 of Plaintiff's First Amended Complaint.

**Count 3**
**Violation of Education Amendments of 1971 (Title IX), 20 U.S.C. § 1681**
**Against the District**

47. Answering Paragraph 99 of Plaintiff's First Amended Complaint, the District incorporates its answers to Paragraphs 1-89 of Plaintiff's First Amended Complaint as though fully set forth herein.

48. Answering Paragraphs 100, 101, 102, and 103 of Plaintiff's First Amended Complaint, the District admits only that 20 U.S.C. § 1681 prohibits discrimination on the basis of sex in an education program or activity, and that 20 U.S.C. § 1681 applies to the District.

49. The District denies the allegations in Paragraphs 104, 105, 106, 107, and 108 of Plaintiff's First Amended Complaint.

**Count 4**
**Unlawful Retaliation Under the First Amendment,**
**Freedom of Speech, pursuant to 42 U.S.C. § 1983**
**Against the District, Rebecca Hill and Heather Rooks (personal and official capacity) and Laura Vesely (official capacity)**

50. Answering Paragraph 109 of Plaintiff's First Amended Complaint, the District incorporates its answers to Paragraphs 1-108 of Plaintiff's First Amended Complaint as though fully set forth herein.

8

117900917.1

51.	The District denies the allegations in Paragraphs 110, 111, 112, 113, 114, 115, 116, 117, 118, 11 9, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, and 130 of Plaintiff's First Amended Complaint.

52.	Paragraph 131 of Plaintiff's First Amended Complaint is a quotation from a case that makes no allegation of fact or law and requires no answer from the District. To the extent Paragraph 131 of Plaintiff's First Amended Complaint asserts a violation of law by the District, the District denies the allegations contained in Paragraph 131 of Plaintiff's First Amended Complaint.

53.	The District denies the allegations in Paragraphs 132, 133, 134, 135, 136, 137, 138, and 139 of Plaintiff's First Amended Complaint.

**Count 5**
**Viewpoint Discrimination Under the First amendment,**
**Freedom of Speech pursuant to 42 U.S.C. § 1983**
**Against the District, and Laura Vesely (official capacity)**

54.	Answering Paragraph 140 of Plaintiff's First Amended Complaint, the District incorporates its answers to Paragraphs 1-139 of Plaintiff's First Amended Complaint as though fully set forth herein.

55.	Paragraph 141 of Plaintiff's First Amended Complaint is a quotation from a case that makes no allegation of fact or law and requires no answer from the District. To the extent Paragraph 141 of Plaintiff's First Amended Complaint asserts a violation of law by the District, the District denies the allegations contained in Paragraph 141 of Plaintiff's First Amended Complaint.

56.	The District denies the allegations in Paragraphs 142, 143, 144, 145, 146, 147, 148, 149,150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, and 161 of Plaintiff's First Amended Complaint.

**Count 6**
**Violation of Free Speech**
**Under the Arizona Constitution**
**Against the District, Rebecca Hill and Heather Rooks**

57.	Answering Paragraph 162 of Plaintiff's First Amended Complaint, the District admits that Count 6 has been dismissed against all Defendants.

117900917.1

**Count 7**
**False Light Invasion of Privacy**
**Rebecca Hill and Heather Rooks (personal capacity)**

58. Answering Paragraph 163 of Plaintiff's First Amended Complaint, the District incorporates its answers to Paragraphs 1-162 of Plaintiff's First Amended Complaint as though fully set forth herein.

59. The District is not required to respond to Paragraph 164-180 of Plaintiff's First Amended Complaint, as these are directed towards Defendants Hill and Rooks in their personal capacity.

**Count 8**
**Intentional Infliction of Emotional Distress**
**Rebecca Hill and Heather Rooks (personal Capacity)**

60. Answering Paragraph 163 of Plaintiff's First Amended Complaint, the District incorporates its answers to Paragraphs 1-180 of Plaintiff's First Amended Complaint as though fully set forth herein.

61. The District is not required to respond to Paragraph 182-194 of Plaintiff's First Amended Complaint, as these are directed towards Defendants Hill and Rooks in their personal capacity.

## **AFFIRMATIVE DEFENSES**

1. As a first affirmation defense, the District asserts that it maintains a policy prohibiting discrimination and harassment in the workplace and Plaintiff failed to avail themselves of that policy in addressing their concerns.

2. As a further defense, and in the alternative, the District asserts that Plaintiff's Complaint, in whole or in part fails to state a claim upon which relief can be granted.

3. As a further defense, and in the alternative, the District asserts that Plaintiff may have failed to comply with administrative, procedural, and jurisdictional requirements before filing their Complaint.

4. As a further defense, and in the alternative, the District asserts that Plaintiff may have failed to exhaust administrative remedies.

10

117900917.1

5. As a further defense, and in the alternative, the District asserts that Plaintiff's claims may be barred by the appropriate statutes of limitations.

6. As a further affirmative defense, and in the alternative, the District asserts that Plaintiff failed to report or provide notice to one or more Defendant(s) of any allegations.

7. As a further affirmative defense, and in the alternative, the District asserts that any alleged comments regarding Plaintiff's sex were stray remarks, not tied to any decision to regarding Plaintiff and are therefore insufficient to establish a claim of discrimination.

8. As a further affirmative defense, and in the alternative the District asserts that Plaintiff failed to mitigate their damages, if any.

9. As a further affirmative defense, and in the alternative the District asserts that Plaintiff's Complaint fails to state a claim for punitive damages against Defendant.

10. As a further affirmative defense, and in the alternative The District asserts that some or all of the claims against the District are barred, in whole or in part, by the doctrines of estoppel, latches, unclean hands, and waiver.

11. As a further affirmative defense, and in the alternative The District asserts it is entitled to immunity, including, but not limited to, qualified immunity, with respect to some or all of the causes of action alleged in the First Amended Complaint.

12. Defendant has not engaged in malicious, sadistic, intentional, discriminatory, reckless or deliberately indifferent conduct that would entitle Plaintiff to recover punitive damages.

13. As further affirmative defense, and in the alternative, the District asserts that it possessed legitimate, non-discriminatory reasons for any alleged adverse actions it took against Plaintiff.

14. Defendants do not yet know what other affirmative defenses may lie in this action, as discovery has yet to be conducted, but hereby reserves its right to assert

117900917.1

the affirmative defenses in Rule 8(c) and Rule 12, Federal Rules of Civil Procedure, which may be supported by acts as developed in discovery.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendants respectfully request this Court grant the following relief:

A. That Plaintiff's First Amended Complaint be dismissed with prejudice and that they take nothing therein;

B. That the Court award the District reasonable attorneys' fees and costs; and

C. For such other and further relief as the Court deems just and proper.

DATED this 24th day of April, 2025.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/ Gordon Lewis
Gordon Lewis
Stephanie D. Baldwin
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendant Peoria Unified School District

12

117900917.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of April, 2025, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

Jacqueline Mendez Soto
James E. Barton II
Daniella Fernandez Lertzman
Barton Mendez Soto PLLC
401 W. Baseline Road, Suite 205
Tempe, Arizona 85283
Jacqueline@bartonmendezsoto.com
James@bartonmendezsoto.com
Daniella@bartonmendezsoto.com
Attorneys for Plaintiff

Eli T. Enger
Meghan M. Baka
Udall Shumway
1138 North Alma School Road, Suite 101
Mesa, Arizona 85201
ete@udallshumway.com
mmb@udallshumway.com
docket@udallshumway.com
Attorneys for Defendants Rooks & Hill

/s/ Megan Axlund

117900917.1